Seth L. Levine 
Dana C. Rundlof
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-2329
slevine@foley.com
drundlof@foley.com

*Attorneys for Defendant FCStone, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ X
SAMANTHA GARBERS-ADAMS and LISA  :
WALFORD,                          :
                                  :  No._____
            Plaintiffs,           :
                                  :  **NOTICE OF REMOVAL**
                                  :  **OF DEFENDANT**
       v.                         :  **FCSTONE, LLC**
                                  :
SCOTT A. ADAMS, ROBERT W. WALFORD :
and FCSTONE, LLC,                 :
                                  :
            Defendants.           :
------------------------------------------------------------ X

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant FCStone, LLC ("FCStone"), an Iowa limited liability company and futures commission merchant with its principle place of business in Chicago, Illinois, hereby removes this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York, and in support of such removal respectfully states as follows:

      1.      The Complaint in this action was filed on December 28, 2009, in the Supreme Court of the State of New York, New York County. A true and correct copy of the Complaint and complete court file is annexed hereto as Exhibit A.

NYC_745363.4

2. The Complaint was served on FCStone LLC on December 31, 2009. This Notice of Removal is filed within 30 days of service of the Complaint and is therefore timely under 28 U.S.C. §1446(b).

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and which is removable to this Court pursuant to 28 U.S.C. § 1441(a).

4. FCStone is an Iowa limited liability company with its principal place of business located at 141 West Jackson Boulevard, Suite 2650, Chicago, IL 60604.

5. The Complaint avers that plaintiff Samantha Garbers-Adams ("Samantha Garbers-Adams ") and her husband, defendant Scott A. Adams ("Scott Adams"), are residents of the State of New York, and that plaintiff Lisa Walford ("Lisa Walford") and her husband, defendant Robert W. Walford ("Robert Walford") are residents of the State of New York.

6. Plaintiffs' Complaint places in controversy an amount in excess of $75,000 exclusive of interest, costs, and disbursements because the underlying assets at issue are worth millions of dollars, and Plaintiffs claim they are entitled to 50% of those assets.

7. Although the Complaint appears to set forth a controversy between at least some citizens of the same state because the plaintiffs have named as defendants their husbands, all of whom are citizens of the state of New York, an examination of the real interests of the parties reveals that there is no actual and substantial controversy – no "collision of interest" – between the plaintiffs, Lisa Walford and Samantha Garbers-Adams, and their defendant husbands, Robert Walford and Scott Adams.

8. No collision of interest exists between plaintiffs and their defendant husbands because their actual interests are the same. The plaintiffs and their defendant husbands all want the same outcome: for a court to find that the plaintiffs are entitled to retain 50% of

certain tax refunds relating to an account deficit of $127 million which are the subject of this action ("Tax Refunds").

9. FCStone is the sole party in this action who contends that the Plaintiffs are not entitled to 50% of the Tax Refunds, and as a result, there is an actual and substantial controversy between FCStone, on the one hand, and the plaintiffs and their defendant husbands, on the other.

10. Consequently, it is appropriate for this Court to realign the parties in accordance with their actual interests, such that Scott Adams and Robert Walford should be named as party plaintiffs alongside their wives, Lisa Walford and Samantha Garbers-Adams, and FCStone should remain as the sole defendant. *See, e.g., City of Indianapolis v. Chase Nat'l. Bank*, 314 U.S. 63, 69 (1941) (it is the duty of the federal courts to "look beyond the pleadings, and arrange the parties according to their sides in the dispute"); *Still v. DeBuono*, 927 F.Supp. 125, 130 (S.D.N.Y. 1996) ("Due to the harmony of interests between petitioners and State respondents in this case, the court realigns State respondents as petitioners for purposes of removal."); *Maryland Casualty Co. v. W.R. Grace & Co.*, 23 F.3d 617, 622 (2d Cir. 1994)) (adopting the "collision of interest" test to determine whether realignment is appropriate for purposes of determining diversity jurisdiction).

11. After realignment in accordance with the real interests of the parties, diversity jurisdiction is present, and removal is appropriate. *See* 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441(a).

12. Moreover, in a situation such as this, where it is appropriate to realign the parties in accordance with their actual interests, the failure of the defendant husbands to join in FCStone's petition for removal does not make the petition defective. *See, e.g., Still*, 927 F.Supp.

at 125, 129-130 (S.D.N.Y. 1996) (holding that removal petition was not defective as a result of respondents' failure to join defendant's removal petition, where respondents were "more properly aligned with petitioners").

13. Venue is proper in this Court because it is the "district and division within which such action is pending." *See* 28 U.S.C. § 1441(a).

14. No previous application has been made for the relief requested herein.

15. Pursuant to 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal, a copy of this Notice will be provided to all named parties to the removed case, and filed with the Clerk of the Supreme Court of New York, County of New York.

16. I certify, pursuant to 28 U.S.C. § 1446(a) and Rule 11 of the Federal Rules of Civil Procedure, that I have read the foregoing Notice of Removal and that, to the best of my knowledge, information and belief formed after reasonable inquiry, it is well grounded in fact and warranted by existing law.

WHEREFORE, Defendant FCStone, LLC respectfully requests that this action, now pending in the Supreme Court of New York, County of New York, be removed to this Court.

DATED: January 29, 2010

Respectfully submitted,

By: _____
Seth Levine
Dana C. Rundlof
Foley & Lardner LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-2329
slevine@foley.com
drundlof@foley.com

Of Counsel:
Dean M. Jeske (6201378)
Foley & Lardner
321 North Clark Street, Suite 2800
Chicago, IL 60654
Telephone: (312) 832-4500
Facsimile: (312) 832-4700
djeske@foley.com

*Attorneys for Defendant FCStone, LLC*

## CERTIFICATE OF SERVICE

I certify that I gave written notice of the filing of the Notice of Removal and 7.1 Statement to plaintiffs SAMANTHA GARBERS-ADAMS and LISA WALFORD, and to defendants SCOTT A. ADAMS, ROBERT W. WALFORD by delivering, by U.S. Mail, a copy of this Certificate and Notice of Removal to the following attorneys of record:

Samantha Garbers-Adams and Lisa Walford's attorneys of record:

Michael R. Koblenz, Esq.
One Battery Park Plaza
New York, NY 10004-1486
(212) 804-4200

Scott A. Adams and Robert W. Walford's attorneys of record:

Mark Skolnick, Esq.
Platzer, Swergold, Karlin, Levine, Goldberg & Jaslow, LLP
1065 Avenue of the Americas
New York, NY 10018
(212) 593-3000

I certify under penalty of perjury that the foregoing is true and correct.

Date: January 29, 2010

Respectfully submitted,

Dana C. Rundlof
FOLEY & LARDNER, LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-2329

*Attorneys for Defendant FCStone LLC*

# Exhibit A

 **CT Corporation**

**Service of Process Transmittal**
12/31/2009
CT Log Number 515944208

| | |
|---|---|
| **TO:** | Richard A Malm<br>Dickinson Mackaman Tyler & Hagen P. C.<br>699 Walnut Street, Suite 1600<br>Des Moines, IA 50309-3986 |
| **RE:** | **Process Served in New York** |
| **FOR:** | FCStone, LLC (Domestic State: IA) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Samantha Garbers-Adams and Lisa Walford, Pltfs. vs. Scott A. Adams, et al. including FCStone, LLC, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | New York County: Supreme Court, NY<br>Case # 118152/09 |
| **NATURE OF ACTION:** | Monies Due and Owing - Seeking tax refunds as result of forebearance agreement |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/31/2009 at 12:34 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after the service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Michael R. Koblenz<br>Mound Cotton Wollan & Greengrass<br>One Battery Park Plaza<br>New York, NY 10004-1486<br>212-804-4200 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 790199541135 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br>**TELEPHONE:** | C T Corporation System<br>Christopher Tilton<br>111 Eighth Avenue<br>New York, NY 10011<br>212-894-8940 |

Page 1 of 1 / SA

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



FROM: Christopher Tilton (212)894-8940
CT – New York SOP Team
111 Eighth Avenue
New York, NY 10011

TO: Richard A Malm (515)246-4516
Dickinson Mackaman Tyler & Hagen P.
699 Walnut Street
Suite 1600
Des Moines, IA 50309
Ref: SOP/0101900/515944208/Christopher Tilton

DELIVERY ADDRESS (FedEx-EDR)    FORM 0201

TRK# 7901 9954 1135

50309  -IA-US

** 2DAY **

FedEx
TRK# 7901 9954 1135   0201

SC SARA

CAD#: 8278166
SHIP DATE: 31DEC09
WEIGHT: 1 LB

FedEx Revenue Barcode

TUE
A1
Deliver by:
05JAN10

DSM    WED – 06 JAN  A1
       ** 2DAY **
       50309
       IA-US
       DSM

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X

SAMANTHA GARBERS-ADAMS AND LISA WALFORD,

                        Plaintiffs,

    -against-

SCOTT A. ADAMS, ROBERT W. WALFORD, AND FCSTONE, LLC,

                        Defendants.
------------------------------------------------------------X

**SUMMONS**

Index No.: 118152/09
Date purchased: 12/28/09
Place of trial: New York County
Basis of venue: Plaintiff's residence

COPY

To the above named Defendants:

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer on the Plaintiffs' attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: Dated: New York, New York
           December 28, 2009

                                  MOUND COTTON WOLLAN & GREENGRASS

                                  By:   /s/ Michael Koblenz
                                        Michael R. Koblenz, Esq.
                                        Sara F. Lieberman, Esq.
                                        Attorneys for Plaintiffs
                                        One Battery Park Plaza
                                        New York, NY 10004-1486
                                        (212) 804-4200

TO:

Scott A. Adams
310 West 105th Street
New York, NY 10025

Robert W. Walford
3 Van Wyck La.
Lloyd Harbor, NY 11743

FCStone, LLC
141 West Jackson Blvd., Suite 2650
Chicago, IL 60604

FCStone, LLC
c/o CT Corporation System
111 Eighth Avenue
New York, NY 10011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------- X
SAMANTHA GARBERS-ADAMS AND LISA     Index No.:
WALFORD,
                Plaintiffs,

   -against-                              **DECLARATORY JUDGMENT**
                                                           **COMPLAINT**
SCOTT A. ADAMS, ROBERT W. WALFORD,
AND FCSTONE, LLC,
                Defendants.
-------------------------------------------------------------- X

       Plaintiffs Samantha Garbers-Adams and Lisa Walford through their attorneys, Mound Cotton Wollan & Greengrass, as and for their Complaint against Defendants Scott A. Adams, Robert W. Walford, and FCStone, LLC allege upon information and belief as follows:

### PARTIES

    1.    Plaintiff Samantha Garbers-Adams ("Samantha Garbers-Adams") is a resident of the State of New York, and is married to Defendant Scott A. Adams.

    2.    Plaintiff Lisa Walford ("Lisa Walford") is a resident of the State of New York, and is married to Defendant Robert W. Walford.

    3.    Defendant Scott A. Adams ("Scott Adams") is a resident of the State of New York, and is married to Samantha Garbers-Adams.

    4.    Defendant Robert W. Walford (Robert Walford") is a resident of the State of New York, and is married to Lisa Walford.

    5.    Defendant FCStone, LLC, ("FCStone"), an Iowa limited liability company, is a futures commission merchant having offices at 141 West Jackson Blvd., Suite 2650, Chicago, IL 60604.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to CPLR § 3001.

7. Venue is proper in this Court pursuant to CPLR § 503(a).

## FACTUAL ALLEGATIONS

8. Scott Adams and Robert Walford have been customers of FCStone under the terms governing their individual and joint accounts ("Trading Accounts").

9. Scott Adams, Robert Walford, and FCStone have settled certain disputes arising out of a deficit in the Trading Accounts by entering into various agreements set forth in a Forbearance Agreement, Promissory Note, and Assignment of Income Tax Refunds, all dated March 11, 2009 and more particularly described below.

10. The settlement documents provide that Scott Adams and Robert Walford entered into transactions in the Trading Accounts, which have resulted in an account deficit in the approximate amount of one hundred twenty-seven million dollars ($127,000,000) as of March 11, 2009 (the "Deficit").

11. FCStone exercised its rights to liquidate the Trading Accounts by transfer to, and assumption by, a successor firm of almost all remaining positions.

12. Scott Adams and Robert Walford acknowledged liability for the Deficit and requested that FCStone grant forbearance from collection, and FCStone agreed to grant forbearance.

13. On March 11, 2009, FCStone, Scott Adams, and Robert Walford entered into a Forbearance Agreement.[1]

---

[1] The Forbearance Agreement intentionally is not attached hereto in order to preserve the confidential treatment agreed upon by the parties, but we respectfully request that the Court refer to the document on an in-camera basis.

14. The Forbearance Agreement provides that Scott Adams and Robert Walford shall execute and deliver to FCStone a promissory note dated March 11, 2009, payable to the order of FCStone in the amount of one hundred twenty-seven million dollars ($127,000,000) (the "Note").

15. The Forbearance Agreement provides that Scott Adams and Robert Walford shall cause their federal, state, and local tax returns for 2009 to be prepared, and shall amend all prior tax returns as allowed by law to carry back losses.

16. The Forbearance Agreement provides that Scott Adams and Robert Walford shall seek all reasonable federal, state, and city tax refunds available to them under reasonable and proper application of law and regulations.

17. The Forbearance Agreement provides that Scott Adams and Robert Walford shall execute assignments of tax refunds to secure payment of the Note.

18. On March 11, 2009, Scott Adams and Robert Walford executed a promissory note to pay to the order of FCStone the principal sum of one hundred twenty-seven million United States dollars (U.S. $127,000,000).[2]

19. On March 11, 2009, an Assignment of Income Tax Refunds was executed by Scott Adams, as assignor, to FCStone, as assignee, (the "Adams Assignment").[3]

20. The Adams Assignment provides:

> *Assignor assigns to Assignee all of Assignor's interest in the refunds* Assignor may be entitled to receive from the Internal Revenue Service in accordance with Assignor's United States

---

[2] The promissory note intentionally is not attached hereto in order to preserve the confidential treatment agreed upon by the parties, but we respectfully request that the Court refer to the document on an in-camera basis.

[3] The Adams Assignment intentionally is not attached hereto in order to preserve the confidential treatment agreed upon by the parties, but we respectfully request that the Court refer to the document on an in-camera basis.

Individual Income Tax Returns for the year 2008, 2009 and all previous years. This assignment is made pursuant to the Forbearance Agreement of this date between Assignor and Assignee . . . and is subject to its terms.

*Assignor also assigns to Assignee all of Assignor's interest in the refunds* Assignor may be entitled to receive from the New York Department of Taxation and Finance or other tax authority in accordance with Assignor's state and city income tax returns for the years 2008, 2009, and all previous years.

The above-referenced funds shall hereinafter be referred to as the "Refunds" (or, individually, as a "Refund").

21. On March 11, 2009, an Assignment of Income Tax Refunds was executed by Robert Walford, as assignor, to FCStone, as assignee, (the "Walford Assignment").[4]

22. The Walford Assignment provides:

*Assignor assigns to Assignee all of Assignor's interest in the refunds* Assignor may be entitled to receive from the Internal Revenue Service in accordance with Assignor's United States Individual Income Tax Returns for the year 2008, 2009 and all previous years. This assignment is made pursuant to the Forbearance Agreement of this date between Assignor and Assignee . . . and is subject to its terms.

*Assignor also assigns to Assignee all of Assignor's interest in the refunds* Assignor may be entitled to receive from the New York Department of Taxation and Finance or other tax authority in accordance with Assignor's state and city income tax returns for the years 2008, 2009, and all previous years.

The above-referenced funds shall hereinafter be referred to as the "Refunds" (or, individually, as a "Refund").

23. Pursuant to the terms of the Adams Assignment and the Walford Assignment, each assignor agreed to assign his interest in federal and state tax refunds for the years 2008, 2009, and all previous years to FCStone.

---

[4] The Walford Assignment intentionally is not attached hereto in order to preserve the confidential treatment agreed upon by the parties, but we respectfully request that the Court refer to the document on an in-camera basis.

4

24. Scott Adams and his wife Samantha Garbers-Adams filed joint tax returns for the tax years 2008, 2009, and all previous years.

25. Scott Adams and his wife Samantha Garbers-Adams filed amended joint tax returns for the tax years 2008, 2009, and all previous years.

26. Robert Walford and his wife Lisa Walford filed joint tax returns for the tax years 2008, 2009, and all previous years.

27. Robert Walford and his wife Lisa Walford filed amended joint tax returns for the tax years 2008, 2009, and all previous years.

28. Samantha Garbers-Adams and Lisa Walford are not parties to the Forbearance Agreement.

29. Samantha Garbers-Adams and Lisa Walford are not parties to the Note.

30. Samantha Garbers-Adams and Lisa Walford are not parties to the Adams Assignment.

31. Samantha Garbers-Adams and Lisa Walford are not parties to the Walford Assignment.

32. FCStone has threatened Robert Walford that unless he and his wife turn over the entirety of any tax refunds to FCStone, FCStone will seek to pursue remedies against any property in the name of Lisa Walford, including her house and her individually owned assets.

## AS AND FOR A FIRST CAUSE OF ACTION

33. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "32" of the within declaratory judgment complaint with the same force and effect as if more fully set forth at length herein.

34.  Scott Adams and his wife Samantha Garbers-Adams filed joint tax returns for the tax years 2008, 2009, and all previous years.

35.  Scott Adams and his wife Samantha Garbers-Adams filed amended joint tax returns for the tax years 2008, 2009, and all previous years.

36.  Scott Adams and his wife Samantha Garbers-Adams may be entitled to joint tax refunds for the tax years 2008, 2009, and all previous years.

37.  Scott Adams assigned his interest, and his interest only, in the joint tax refunds to FCStone for the tax years 2008, 2009, and all previous years pursuant to the terms of the Adams Assignment.

38.  Scott Adams did not assign Samantha Garbers-Adams's interest in the joint tax refunds to FCStone for the tax years 2008, 2009, and all previous years.

39.  Samantha Garbers-Adams is entitled to a one-half share of each and every joint tax refund received by her and her husband pursuant to the joint tax returns and amended joint tax returns filed by her and her husband for the tax years 2008, 2009, and all previous years.

40.  As Samantha Garbers-Adams is not a party to the Forbearance Agreement, the Note, or the Adams Assignment, and Scott Adams assigned only his interest in the joint tax refunds to FCStone for the tax years 2008, 2009, and all previous years, Samantha Garbers-Adams is entitled to a judgment declaring that she is entitled to a one-half share of each and every joint tax refund received by her and her husband.

### AS AND FOR A SECOND CAUSE OF ACTION

41.  Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "40" of the within declaratory judgment complaint with the same force and effect as if more fully set forth at length herein.

42. Robert Walford and his wife Lisa Walford filed joint tax returns for the tax years 2008, 2009, and all previous years.

43. Robert Walford and his wife Lisa Walford filed amended joint tax returns for the tax years 2008, 2009, and all previous years.

44. Robert Walford and his wife Lisa Walford may be entitled to joint tax refunds for the tax years 2008, 2009, and all previous years.

45. Robert Walford assigned his interest, and his interest only, in the joint tax refunds to FCStone for the tax years 2008, 2009, and all previous years pursuant to the terms of the Walford Assignment.

46. Robert Walford did not assign Lisa Walford's interest in the joint tax refunds to FCStone for the tax years 2008, 2009, and all previous years.

47. Lisa Walford is entitled to a one-half share of each and every joint tax refund received by her and her husband pursuant to the joint tax returns and amended joint tax returns filed by her and her husband for the tax years 2008, 2009, and all previous years.

48. As Lisa Walford is not a party to the Forbearance Agreement, the Note, or the Walford Assignment, and Robert Walford assigned only his interest in the joint tax refunds to FCStone for the tax years 2008, 2009, and all previous years, Lisa Walford is entitled to a judgment declaring that she is entitled to a one-half share of each and every joint tax refund received by her and her husband.

**WHEREFORE**, Plaintiffs Samantha Garbers-Adams and Lisa Walford respectfully request that the Court issue an Order:

(i) declaring that Samantha Garbers-Adams is entitled to a one-half share of each and every joint tax refund received by her and her husband Scott A. Adams;

7

(ii) declaring that Lisa Walford is entitled to a one-half share of each and every joint tax refund received by her and her husband Robert W. Walford;

(iii) declaring that the words "Assignor's interest" means 50% of the total amount of any tax refund respecting a joint return with the appropriate plaintiff;

(iv) granting Plaintiffs costs, attorneys' fees, disbursements, and interest; and

(v) such other and further relief as this Court deems just and proper.

Dated: New York, New York
      December 28, 2009

MOUND COTTON WOLLAN & GREENGRASS

By: _____
Michael R. Koblenz, Esq.
Sara F. Lieberman, Esq.
Attorneys for Plaintiffs
One Battery Park Plaza
New York, NY 10004-1486
(212) 804-4200

8

SUPREME COURT OF THE STATE OF NEW YORK        Index No.
COUNTY OF NEW YORK

-----------------------------------------------------------------------x

SAMANTHA GARBERS-ADAMS AND LISA WALFORD,

               Plaintiffs

  -against-

SCOTT A. ADAMS, ROBERT W. WALFORD, AND FCSTONE, LLC,

               Defendants.

-----------------------------------------------------------------------x

## DECLARATORY JUDGMENT COMPLAINT

MOUND COTTON WOLLAN & GREENGRASS
Attorneys for Plaintiffs

*Office and Post Office Address, Telephone*
ONE BATTERY PARK PLAZA
NEW YORK, NY 10004
(212) 804-4200

To:

Service of a copy of the within is hereby admitted.

Dated:_____ 20____