UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISA WALFORD AND SAMANTHA GARBERS-ADAMS, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 10-CV-0726 |
| v. | ) Judge Denny Chin |
| SCOTT A. ADAMS, ROBERT W. WALFORD, AND FCSTONE, LLC | )<br>)<br>) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS
SAMANTHA GARBERS-ADAMS'S AND LISA WALFORD'S MOTION TO REMAND**

## Table of Contents

Table of Authorities ........................................................................................................... ii, iii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS ..................................................................................................... 2

ARGUMENT ........................................................................................................................... 5

    I. THE REMOVAL FAILS FOR LACK OF SUBJECT MATTER JURISDICTION ............. 5

    II. THE REMOVAL PETITION IS DEFECTIVE AS A MATTER OF LAW ....................... 9

        A.    FCStone's Removal Petition is Defective Because Defendants Scott Adams and Robert Walford Did Not Join ................................................................. 9

        B.    FCStone's Notice of Removal is Defective and FCStone's Amended Notice of Removal is Untimely ........................................................................ 10

    III. PLAINTIFFS ARE ENTITLED TO COSTS AND ATTORNEY'S FEES ...................... 11

CONCLUSION ...................................................................................................................... 13

## Table of Authorities

**Cases**

*Barash v. Ford Motor Credit Corp.*, No. 06-CV-6497 (JFB) (ARL), 2007 U.S. Dist. LEXIS 44641 (E.D.N.Y. June 20, 2007) .......... 6

*Berrios v. Our Lady of Mercy Med. Ctr.*, No. 99 Civ. 21 (DLC), 1999 U.S. Dist. LEXIS 1733 (S.D.N.Y. Feb. 18, 1999) .......... 5-6, 10

*Blockbuster, Inc. v. Galeno*, 472 F.3d 53 .......... 7

*Bradford v. Harding*, 284 F.2d 307 (2d Cir. 1960) .......... 9

*Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432 (S.D.N.Y. 2006) .......... 6, 10

*Citibank, N.A. v. Swiatkoski*, 395 F. Supp. 2d 5 (E.D.N.Y. 2005) .......... 5

*Gensler v. Sanolfi-Aventis*, No. CV-08-2255 (DGT)(RER), 2009 U.S. Dist. LEXIS 27333 (E.D.N.Y. Mar. 30, 2009) .......... 8, 9

*Handelsman v. Bedford Village Assocs. L.P.*, 213 F.3d 48 (2d Cir. 2000) .......... 7, 10-11

*In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litg.*, 256 F. Supp. 2d 884 (S.D. Ind. 2003) .......... 8

*Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63 (1941) .......... 8

*Lupo v. Human Affairs Int'l*, 28 F.3d 269 (2d Cir. 1994) .......... 5, 6

*Mackason v. Diamond Fin. LLC*, 347 F. Supp. 2d 53 (S.D.N.Y. 2004) .......... 11

*N.K.T. Land Acquisitions, Inc. v. Chase Manhattan Mortgage Corp.*, 1:07-CV-790 (GLS/RFT), 2007 U.S. Dist. LEXIS 90391 (N.D.N.Y. Dec. 7, 2007) .......... 11

*New York City Sch. Constr. Auth. v. Bedell Assocs., Inc.*, No. 97 Cv. 4159, 1997 U.S. Dist. LEXIS 15597 (E.D.N.Y. Sept. 12, 1997) .......... 5, 8

*Payne v. Overhead Door Corp.*, 172 F. Supp. 2d 475 (S.D.N.Y. 2001) .......... 9

*Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320 (S.D.N.Y. 2007) .......... passim

*Syms, Inc. v. IBI Sec. Serv., Inc.*, 586 F. Supp. 53 (S.D.N.Y. 1984) .......... 9, 11

*Vasura v. Acands,* 84 F. Supp. 2d 531 (S.D.N.Y. 2000) .................................................................. 7

*Vera v. Saks & Co.*, 335 F.3d 109 (2d Cir. 2003) ........................................................................... 7

**Statutes**

28 U.S.C. § 1332 ......................................................................................................................... 1, 6

28 U.S.C. § 1441 ......................................................................................................................... 1, 7

28 U.S.C. § 1441(a) ......................................................................................................................... 5

28 U.S.C. § 1446 ....................................................................................................................... 9, 11

28 U.S.C. § 1446(b) ......................................................................................................................... 9

28 U.S.C. § 1447(c) ........................................................................................................... 1, 5, 10, 11

C.P.L.R. § 3001 ............................................................................................................................... 8

## **PRELIMINARY STATEMENT**

Plaintiffs Samantha Garbers-Adams and Lisa Walford (collectively "Plaintiffs"), through their attorneys, Mound Cotton Wollan & Greengrass, respectfully submit this Memorandum of Law pursuant to 28 U.S.C. §§ 1441 and 1447(c) in support of their motion to remand this action to state court together with attorneys' fees, costs, disbursements, and interest, and for such other and further relief as this Court deems just and proper.

First, the removal petition of defendant FCStone, LLC ("FCStone") fails to establish (because it cannot) this Court's subject matter jurisdiction over this action as removal was premised on diversity of citizenship pursuant to 28 U.S.C. § 1332, and there is no complete diversity of citizenship in this action. Plaintiffs are citizens and residents of the State of New York. Defendants Scott A. Adams ("Scott Adams") and Robert W. Walford ("Robert Walford") are also citizens and residents of the State of New York. Accordingly, FCStone has failed to establish this Court's subject matter jurisdiction and remand is warranted.

Second, notwithstanding the above, FCStone's removal petition is defective as a matter of law because defendants Scott Adams and Robert Walford did not join. FCStone has therefore failed to satisfy the "rule of unanimity," i.e., a timely indication from each defendant that it has consented to removal, and remand is clearly appropriate.

Third, FCStone's removal petition is further defective insofar as it incorrectly sets forth its own citizenship for jurisdictional purposes, thereby failing to set forth the jurisdiction of this Court, and its amended notice of removal is untimely as a matter of law.

In addition, Plaintiffs seek an award of fees, costs, and actual expenses, including attorneys' fees incurred as a result of this removal, predicated upon a diversity of citizenship that clearly does not exist.

## STATEMENT OF FACTS

The facts relevant to this motion are more fully set forth in the affidavits of Samantha Garbers-Adams ("Samantha Garbers-Adams Aff."), dated March 30, 2010, and the exhibits attached thereto, and Lisa Walford ("Lisa Walford Aff."), dated March 31, 2010, and the exhibits attached thereto.

Plaintiff Samantha Garbers-Adams is married to defendant Scott Adams, and they are citizens and residents of the State of New York. Plaintiff Lisa Walford is married to defendant Robert Walford, and they are citizens and residents of the State of New York. Defendant FCStone, an Iowa limited liability company, is a futures commission merchant having offices in Chicago, Illinois.

Scott Adams and Robert Walford were customers of FCStone under separate contract terms governing their individual and joint trading accounts ("Trading Accounts"). The Trading Accounts were never in the name of either Samantha Garbers-Adams and/or Lisa Walford, nor are the Plaintiffs signatories to any of these account documents. *See* Samantha Garbers-Adams Aff. at ¶ 5, Exh. A; Lisa Walford Aff. at ¶ 5, Exh. A. Scott Adams, Robert Walford, and FCStone (Scott Adams, Robert Walford, and FCStone collectively, "Defendants") settled certain disputes arising out of a deficit in the Trading Accounts by entering into agreements set forth in certain settlement documents, including a Forbearance Agreement, a Promissory Note, and an Assignment of Income Tax Refunds, all dated March 11, 2009 ("the Settlement Agreements"). Plaintiffs are not signatories to, nor are they even mentioned in, the Settlement Agreements. In fact, Plaintiffs were not part of any activities forming the basis for such agreements, and they were not parties to any of the contract negotiations between and among Defendants. The Settlement Agreements provide that Scott Adams and Robert Walford engaged in transactions in the Trading Accounts, which resulted in an account deficit of approximately $127,000,000 (the

2

"Deficit"). Scott Adams and Robert Walford acknowledged liability for the Deficit and requested that FCStone grant forbearance from collection, and FCStone agreed to grant forbearance.

The Forbearance Agreement, dated March 11, 2009, provides, *inter alia*, that Scott Adams and Robert Walford shall: (i) execute a promissory note to FCStone in the amount of $127,000,000 (the "Note"); (ii) cause their federal, state, and local tax returns for 2009 to be prepared, and amend all prior tax returns as allowed by law to carry back losses; (iii) seek all reasonable federal, state, and city tax refunds available to them under proper application of law; and (iv) execute assignments of tax refunds to secure payment of the Note. Scott Adams and Robert Walford executed a promissory note, dated March 11, 2009, to pay to FCStone the principal sum of $127,000,000.

On March 11, 2009, Scott Adams, as assignor, executed an Assignment of Income Tax Refunds to FCStone, as assignee ("Adams Assignment"), and Robert Walford, as assignor, executed an Assignment of Tax Refunds to FCStone, as assignee ("Walford Assignment"). The Adams Assignment and Walford Assignment each provide: "*Assignor assigns to Assignee all of __Assignor's interest__ in the refunds Assignor may be entitled to receive.*" See Samantha Garbers-Adams Aff. at ¶¶ 15-16, Exh. D; Lisa Walford Aff. at ¶¶ 15-16, Exh. D. (Emphasis added)

Pursuant to the terms of the Adams Assignment and the Walford Assignment, each assignor agreed to assign *his* interest in federal and state tax refunds for the years 2008, 2009, and all previous years (to 2005) to FCStone. Significantly, Scott Adams and Robert Walford did *not* (and could not) assign to FCStone their wives' respective interests in the tax refunds for these tax years.

Scott Adams and his wife, Samantha Garbers-Adams, filed joint tax returns for the tax years 2005 to 2009, and later filed amended joint tax returns for the tax years 2005 to 2007. They may be entitled to joint tax refunds for these tax years. Samantha Garbers-Adams is legally entitled to a one-half share of each and every joint tax refund that she and her husband may receive.

Similarly, Robert Walford and his wife, Lisa Walford, filed joint tax returns for the tax years 2005 to 2009, and later filed amended joint tax returns for the tax years 2005 to 2007. They may also be entitled to joint tax refunds for these tax years. Lisa Walford is legally entitled to a one-half share of each and every joint tax refund that she and her husband may receive.

In sum, the Plaintiffs are not parties to the Forbearance Agreement, the Note, or the Assignment Agreements, and their respective one-half share of the joint tax return refunds has not been assigned to FCStone.

On December 28, 2009, in response to FCStone's threat to pursue a claim against their assets, Plaintiffs commenced this action in the Supreme Court of the State of New York, County of New York (Index No. 118152/09) ("New York State Court Action"), seeking a declaration, *inter alia*, that they are entitled to a one-half share of each and every joint tax refund received by them and their husbands, defendants Scott Adams and Robert Walford, respectively.

On January 29, 2010, FCStone filed a Notice of Removal of Defendant FCStone, LLC ("Notice of Removal") and removed the New York State Court Action to the United States District Court for the Southern District of New York ("New York Federal Action"). On February 25, 2010, FCStone filed an Amended Notice of Removal of Defendant FCStone, LLC.

On January 25, 2010, in lieu of answering the complaint in the New York actions, FCStone filed an action in the United States District Court for the Northern District of Illinois

("Illinois Action") against Samantha Garbers-Adams, Lisa Walford, Scott Adams, and Robert Walford, involving the same critical issues. In the Illinois Action, FCStone is seeking damages for breach of contract, rescission of the Settlement Agreements, and breach of joint account agreements as against defendants Robert Walford and Scott Adams, and for a declaratory judgment and the imposition of a constructive trust as against all defendants.[1]

For the reasons set forth below, FCStone's removal petition is fatally flawed, and this case must be remanded to state court.

## ARGUMENT

### I. THE REMOVAL FAILS FOR LACK OF SUBJECT MATTER JURISDICTION

Under the clear language of 28 U.S.C. § 1441(a), an action may be removed to federal court "only if it could have originally been commenced in federal court on either the basis of federal question jurisdiction or diversity jurisdiction." *Citibank, N.A. v. Swiatkoski*, 395 F. Supp. 2d 5, 8 (E.D.N.Y. 2005) (citing 28 U.S.C. § 1441(a)). A district court must remand a case if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 324 (S.D.N.Y. 2007) (citations omitted); *New York City Sch. Constr. Auth. v. Bedell Assocs., Inc.*, No. 97 Cv. 4159, 1997 U.S. Dist. LEXIS 15597, at *5-6 (E.D.N.Y. Sept. 12, 1997). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l*, 28 F.3d 269, 274 (2d Cir. 1994); *see also Berrios v. Our Lady of Mercy Med. Ctr.*, No. 99 Civ. 21 (DLC), 1999 U.S. Dist. LEXIS

---

[1] On March 15, 2010, Plaintiffs moved to dismiss the Complaint of FCStone with prejudice in the Illinois Action pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) and to the *Colorado River* doctrine. On March 24, 2010, FCStone filed an Amended Complaint. On March 31, 2010, Plaintiffs filed a motion to dismiss the Amended Complaint on the same grounds as their previous motion to dismiss.

1733, at *4 (S.D.N.Y. Feb. 18, 1999) ("Generally speaking, removal statutes are to be 'strictly construed against removal and all doubts should be resolved in favor of remand.'") (internal citation omitted)

Further, "[w]hen a party challenges the removal of an action from state court, the burden falls on the removing party 'to establish its right to a federal forum by competent proof.'" *Sherman*, 528 F. Supp. 2d at 325 (citations omitted); *see also Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 436 (S.D.N.Y. 2006) (noting that the party asserting jurisdiction bears the burden of proof that jurisdictional and procedural requirements have been met). Here, FCStone has failed to satisfy its burden of establishing this Court's subject matter jurisdiction.

In its Notice of Removal, FCStone improperly claims that "this Court has original jurisdiction under 28 U.S.C. § 1332." *See* Notice of Removal at ¶ 3. In order to support removal pursuant to 28 U.S.C. § 1332, the defendant must demonstrate that the parties are citizens of different states and that the amount in controversy exceeds $75,000. *See Barash v. Ford Motor Credit Corp.*, No. 06-CV-6497 (JFB) (ARL), 2007 U.S. Dist. LEXIS 44641, at *16 (E.D.N.Y. June 20, 2007). "[T]here must be complete diversity of citizenship between all plaintiffs and all defendants named in all claims in order for jurisdiction over any claim to be based upon diversity of citizenship." *Sherman*, 528 F. Supp. 2d at 325 (citations omitted). The right to remove a state court action to federal court on diversity grounds is statutory, and must therefore be invoked in strict conformance with statutory requirements. *See Lupo*, 28 F.3d at 274. Here, however, statutory requirements have not been satisfied and the district court does *not* have original jurisdiction based upon diversity of citizenship. Plaintiffs are both residents and citizens of the State of New York, and defendants Scott Adams and Robert Walford are also residents and

citizens of the State of New York.[2]  Accordingly, there is a controversy between citizens of the same State, and thus, no complete diversity of citizenship.  Therefore, this action was not properly removed pursuant to 28 U.S.C. § 1441.

The general rule is that where removal is premised on diversity jurisdiction, complete diversity must exist **both** (i) at the time the action is commenced and (ii) at the time of removal. *See Sherman*, 528 F. Supp. 2d at 325.  If there was no diversity at the time the action was commenced or the time removal was sought, then removal is improper and the case must be remanded.  *See id.*  Further, the party invoking diversity jurisdiction bears the burden of demonstrating that complete diversity among the parties existed at the time removal was sought to federal court and at the time the state complaint was filed.  *See id.*  If the record does not reflect complete diversity at both stages, "removal was improper and the case must be remanded."  *Vasura v. Acands*, 84 F. Supp. 2d 531, 535-36 (S.D.N.Y. 2000); *see also Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56-57 ("We generally evaluate jurisdictional facts . . . on the basis of the pleadings, viewed at the time when defendant files the notice of removal.") (citing *Vera v. Saks & Co.*, 335 F.3d 109, 116 n.2 (2d Cir. 2003) (per curiam)).  Here, FCStone's Notice of Removal acknowledges that there was no diversity of citizenship when the action was commenced or when removal was sought; thus, this action must be remanded.

In a disingenuous game of forum-shopping, FCStone is trying to have this Court realign the parties so as to create diversity of citizenship where none exists, and such behavior cannot be countenanced by this Court.  The Supreme Court has held that "[d]iversity jurisdiction cannot be

---

[2] Defendant FCStone is a limited liability company.  Under New York law, the citizenship of a limited liability company for purposes of diversity jurisdiction is that of each and every one of its members.  *See Handelsman v. Bedford Village Associates L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000).  FCStone fails to set forth the citizenship of each and every one of its members in its Notice of Removal.  Nevertheless, because Plaintiffs and defendants Scott Adams and Robert Walford are residents and citizens of the State of New York, there is no diversity of citizenship in this case.

7

conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants." *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941). Notably, "a court must . . . consider the complaint at the time of removal to determine if removal was appropriate in the first place. . . . There is a 'judicial reluctance to make jurisdiction hinge on fortuties or ex parte tactical moves.'" *Sherman*, 528 F. Supp. 2d at 326 (quoting *In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litg.*, 256 F. Supp. 2d 884, 889 n.5 (S.D. Ind. 2003) ("Removal must be determined on the basis of the plaintiffs' pleadings at the time of the removal, without regard to subsequent developments.")). The propriety of removal must be determined *as of the date of removal*, and if removal was not proper in the first instance, then the state court was never divested of jurisdiction and the federal court consequently has no jurisdiction to exercise. *See Sherman*, 528 F. Supp. at 326. Because Plaintiffs' Complaint at the time of removal reflects a lack of diversity of citizenship, removal was improper.

In any event, realignment is inappropriate here because the Complaint clearly sets forth an actual controversy between Plaintiffs and Defendants. *See Bedell*, 1997 U.S. Dist. 15597, at *10 (declining to realign the parties where parties were already aligned according to their real interests); *Gensler v. Sanolfi-Aventis*, No. CV-08-2255 (DGT)(RER), 2009 U.S. Dist. LEXIS 27333, at *8 (E.D.N.Y. Mar. 30, 2009) (holding that complete diversity was defeated where defendants were "real part[ies] in interest"). Plaintiffs are not parties to the Defendants' agreements, and thus, are not governed by the terms and conditions set forth therein. Moreover, Plaintiffs are not signatories to, nor are they even mentioned in, the Settlement Agreements, they were not part of any activities forming the basis for such agreements, and they were not parties to any of the contract negotiations between and among Defendants. By this action, Plaintiffs are properly seeking a declaration pursuant to N.Y. C.P.L.R. § 3001 that they are entitled to their

respective one-half interest in any and all joint tax refunds received by them and their husbands, and their right to these monies has not been assigned to FCStone in the Adams Assignment, the Walford Assignment, or otherwise. Where, as here, there is a clear "collision of interest" between Plaintiffs and all Defendants, "realignment is inappropriate and impermissible." *Syms, Inc. v. IBI Sec. Serv., Inc.*, 586 F. Supp. 53, 56 (S.D.N.Y. 1984) (declining to realign the parties where a clear "collision of interest" existed between plaintiff and both defendants).

## II. THE REMOVAL PETITION IS DEFECTIVE AS A MATTER OF LAW

### A. FCStone's Removal Petition is Defective Because Defendants Scott Adams and Robert Walford Did Not Join.

Even assuming, *arguendo*, that FCStone could establish this Court's subject matter jurisdiction (which it cannot), FCStone's Notice of Removal is defective as a matter of law because defendants Scott Adams and Robert Walford did not join. Thus, FCStone's attempt to remove this action is defeated because it has failed to secure consent from all necessary parties within the statutory period. *See Gensler*, 2009 U.S. Dist. LEXIS 27333, at *28-29 (remanding action where defendants failed to obtain consent of all defendants prior to removal).

28 U.S.C. § 1446(b) requires the notice of removal to be filed within thirty days after receipt of the first pleading from which it can be ascertained that the case is removable. 28 U.S.C. § 1446(b). It is well-established that in general, "[a]ll the defendants must join in seeking removal." *Bradford v. Harding*, 284 F.2d 307, 309 (2d Cir. 1960); *see also Payne v. Overhead Door Corp.*, 172 F. Supp. 2d 475, 477 (S.D.N.Y. 2001) (noting that the removal statute has consistently been interpreted to require that all defendants consent to removal within the thirty day period). This requirement is known as the "rule of unanimity," which requires "some timely filed written indication from *each* defendant . . . that it has actually consented to [removal of the action]." *Sherman*, 528 F. Supp. 2d at 330 (internal citations omitted) (emphasis added). This

9

rule of unanimity is "strictly interpreted and enforced." *Burr*, 478 F. Supp. 2d at 437 (citation omitted). Although courts generally do not require all defendants to sign the removal petition itself, most courts require some form of unambiguous written evidence of consent to the court in a timely manner. *See id.* Failure of any defendant to provide its written consent within the applicable thirty-day period renders the petition for removal untimely. *See Berrios*, 1999 U.S. Dist. LEXIS 1733, at *6.

Here, neither defendant Scott Adams nor defendant Robert Walford has ever joined in the removal petition. The removal was therefore procedurally defective and the case shall be remanded to state court. *Sherman*, 528 F. Supp. 2d at 330-31 (granting plaintiff's motion to remand on the ground that removal was procedurally defective where one of the defendants did not consent to removal).

### B. FCStone's Notice of Removal is Defective and FCStone's Amended Notice of Removal is Untimely.

28 U.S.C. § 1447(c) authorizes a remand 'on the basis of *any defect in removal procedure.*" *See Berrios*, 1999 U.S. Dist. LEXIS 1733, at *5 (Emphasis in original) (citations omitted)). FCStone's Notice of Removal is defective as a matter of law because it fails to adequately plead the citizenship of the parties, and thus, does not establish diversity jurisdiction of this Court. This defect in removal procedure provides a separate and independent basis upon which to remand this action.

FCStone states in its Notice of Removal, dated January 29, 2010, that "FCStone is an Iowa limited liability company with its principal place of business located at 141 West Jackson Boulevard, Suite 2650, Chicago, IL 60604." *See* Notice of Removal at ¶ 4. Under New York law, however, the citizenship of a limited liability company for purposes of diversity jurisdiction is that of each and every one of its members. *See Handelsman v. Bedford Village Assocs. L.P.*,

10

213 F.3d 48, 51-52 (2d Cir. 2000). The state of an LLC's organization and principal place of business is irrelevant in determining its citizenship for diversity purposes. *See N.K.T. Land Acquisitions, Inc. v. Chase Manhattan Mortgage Corp.*, 1:07-CV-790 (GLS/RFT), 2007 U.S. Dist. LEXIS 90391, at *1 (N.D.N.Y. Dec. 7, 2007) (remanding action and holding Chase's notice of removal was defective because it did not set out Chase's members or their citizenship, and failed to show diversity was nonetheless present); *Mackason v. Diamond Fin. LLC*, 347 F. Supp. 2d 53, 55-56 (S.D.N.Y. 2004) (finding averments in defendant's removal notice with respect to its own citizenship were insufficient to establish diversity jurisdiction where removal notice simply recited the principal place of business for defendant limited liability company without setting forth the citizenship of its members). Here, FCStone's Notice of Removal fails to set forth the citizenship of each and every one of its members, and thus, fails to adequately plead this Court's jurisdiction. This defect in the removal petition further warrants remand.

FCStone then purported to amend its Notice of Removal to include the citizenship of its members by filing an Amended Notice of Removal on February 25, 2010; however, this Amended Notice of Removal was filed beyond the thirty day time period set forth in 28 U.S.C. § 1446, and thus, is untimely and should not even be considered by this Court. In any event, the Amended Notice of Removal similarly fails to set forth this Court's jurisdiction because diversity of citizenship is still lacking.

### III.  PLAINTIFFS ARE ENTITLED TO COSTS AND ATTORNEY'S FEES

In remanding a case to state court, the federal courts are authorized to award costs against the removing party pursuant to 28 U.S.C. § 1447(c), and may properly do so where a removal is predicated upon a diversity of citizenship that clearly does not exist. *See Syms*, 586 F. Supp. at 56-57 (awarding reasonable costs and attorney's fees incurred with respect to the motion for

remand where removal was clearly improper). The statute does not require the party seeking costs and fees to demonstrate that the removing party acted in bad faith, but rather the standard for awarding fees turns on the reasonableness of the removal. *See Sherman*, 528 F. Supp. 2d at 331-32 (awarding attorneys' fees where it was objectively unreasonable to seek removal where removing defendant failed to obtain consent from all defendants prior to removal).

FCStone has improperly removed this action on the basis of diversity of citizenship that clearly does not exist. Plaintiffs are residents and citizens of the State of New York, and defendants Scott Adams and Robert Walford are also residents and citizens of the State of New York. Additionally, FCStone failed to obtain consent of all defendants prior to removal. Accordingly, FCStone lacked any reasonable basis for seeking removal. Plaintiffs are therefore entitled to costs and attorneys' fees incurred in bringing this motion to remand this action to state court.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs Samantha Garbers-Adams and Lisa Walford respectfully request that this Court issue an Order remanding this action to state court, together with attorneys' fees, costs, disbursements, and interest, and such other and further relief as this Court deems just and proper.

Dated: New York, New York
       April 1, 2010

                                                         MOUND COTTON WOLLAN & GREENGRASS

                                                         */s/ Sara F. Lieberman*

                                                         Michael R. Koblenz, Esq.  (MK 0888)
                                                         Sara F. Lieberman, Esq. (SL 3969)
                                                         One Battery Park Plaza
                                                         New York, NY 10004
                                                         Telephone: (212) 804-4200
                                                         Facsimile: (212) 344-8066
                                                         mkoblenz@moundcotton.com
                                                         slieberman@moundcotton.com
                                                         *Attorneys for Plaintiffs Samantha Garbers-Adams and Lisa Walford*

## CERTIFICATE OF SERVICE

I, SARA F. LIEBERMAN, hereby certify that on this 1st day of April, 2010, a true and correct copy of the foregoing documents were served on the Clerk of the Court and the following attorneys of record in accordance with the Federal Rules of Civil Procedure and/or U.S. District Court's Local Rules and/or U.S. District Court's Rules on Electronic Service:

    Seth L. Levine, Esq.
    FOLEY & LARDNER LLP
    90 Park Avenue
    New York, New York 10016
    (212) 682-7474
    *Attorneys for Defendant FCStone, LLC*

    Dean M. Jeske, Esq.
    FOLEY & LARDNER
    321 North Clark Street, Suite 2800
    Chicago, Illinois 60654
    (312) 832-4500
    *Of Counsel Attorneys for Defendant FCStone, LLC*

    Mark Skolnick, Esq.
    PLATZER, SWERGOLD, KARLIN, LEVINE,
     GOLDBERG & JASLOW, LLP
    1065 Avenue of the Americas
    New York, New York 10018
    (212) 593-3000
    *Attorneys for Defendants Scott A. Adams and Robert W. Walford*

    */s/ Sara F. Lieberman*
    SARA F. LIEBERMAN