# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FCSTONE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| SCOTT A. ADAMS, ROBERT W. WALFORD, | ) |
| SAMANTHA GARBERS-ADAMS and | ) |
| LISA WALFORD, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, FCStone, LLC ("FCStone"), by its undersigned attorneys and for its Complaint against Defendants, alleges as follows:

### PARTIES

1. Plaintiff, FCStone, an Iowa limited liability company, is a futures commission merchant with its principal offices located at 141 West Jackson Boulevard, Suite 2650, Chicago, IL 60604.

2. Defendant, Scott A. Adams ("Scott Adams"), is an adult individual and resident of the State of New York. Scott Adams is married to Defendant, Samantha Garbers-Adams.

3. Defendant, Robert W. Walford ("Robert Walford"), is an adult individual and resident of the State of New York. Robert Walford is married to Defendant, Lisa Walford.

4. Defendant, Samantha Garbers-Adams, is an adult individual and resident of the State of New York. Samantha Garber-Adams is married to Defendant, Scott Adams.

5. Defendant, Lisa Walford, is an adult individual and resident of the State of New York. Lisa Walford is married to Defendant, Robert Walford.

CHIC_4649555.1

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 in that FCStone is of diverse citizenship from all of the Defendants, and the amount in controversy, exclusive of costs and interest, exceeds $75,000.

7. This Court has personal jurisdiction over Defendants, Scott Adams and Robert Walford, in that they transacted business and entered into contractual relationships with FCStone out of its principal place of business in Chicago, IL. In addition, the integrated agreements that form the basis of this action (described more fully herein), explicitly provide that Defendants, Scott Adams and Robert Walford, "agree and consent to the exclusive jurisdiction of the state and federal courts in Illinois" for all disputes arising from or related directly or indirectly to such agreements.

8. This Court has personal jurisdiction over Defendants, Samantha Garber-Adams and Lisa Walford, in that they have directly benefitted from the agreements that form the basis of this action and which explicitly provide for "the exclusive jurisdiction of the state and federal courts in Illinois" for all disputes arising from or related directly to indirectly to such agreements. In addition, Defendants, Samantha Garber-Adams and Lisa Walford, are asserting rights to assets that have been assigned to FCStone pursuant to the referenced agreements, and which would be received at FCStone's principal place of business in Chicago, IL.

9. Venue is proper in this judicial district in that the agreements that form the basis of this action explicitly provide that the parties consent to venue in any federal court "situated in Cook County, Illinois." In addition, pursuant to 28 U.S.C. § 1391(a)(2), a substantial part of the events or omissions giving rise to the controversy between FCStone and the Defendants occurred within this judicial district.

CHIC_4649555.1

## FACTS COMMON TO ALL COUNTS

10.     Defendants, Scott Adams and Robert Walford, were customers of FCStone and maintained individual and joint trading accounts with FCStone.

11.     As a result of transactions entered into the trading accounts, Scott Adams and Robert Wolford, accumulated an account deficit of approximately one hundred and twenty-seven million dollars ($127,000,000)(the "Deficit"), which amount was owed to FCStone.

12.     Defendants, Scott Adams and Robert Walford, acknowledged liability to FCStone for the Deficit and requested that FCStone forbear from pursuing its legal rights and remedies to collect the indebtedness resulting from the Deficit.

13.     In consideration of FCStone's forbearance, on March 11, 2009, FCStone, Scott Adams and Robert Walford entered into a Forbearance Agreement. A true and correct copy of the Forbearance Agreement is attached as Exhibit A.[1]

14.     Pursuant to the terms of the Forbearance Agreement, Scott Adams and Robert Walford agreed to execute and deliver to FCStone a promissory note dated March 11, 2009 and payable to FCStone in the amount of one hundred twenty-seven million dollars ($127,000,000). A true and correct copy of the Promissory Note is attached as Exhibit B.[2]

15.     The Forbearance Agreement further provided that Scott Adams and Robert Walford would cause their respective federal, state and local tax returns for 2009 to be prepared,

---

[1] FCStone has not attached a copy of the Forbearance Agreement to this Complaint in order to maintain the confidential treatment agreed upon by the parties. FCStone intends promptly to seek entry by this Court of an appropriate protective order such that it may file Exhibit A under seal.

[2] FCStone has not attached a copy of the Promissory Note to this Complaint in order to maintain the confidential treatment agreed upon by the parties. FCStone intends promptly to seek entry by this Court of an appropriate protective order such that it may file Exhibit B under seal.

CHIC_4649555.1

and would amend all prior tax returns as allowed by law, in order to carry back losses. In so doing, it was anticipated by the parties that Defendants, Scott Adams and Robert Walford, would be entitled to significant tax refunds for 2009 and prior years.

16. The parties to the Forbearance Agreement intended that the entirety of the tax refunds to be received by Scott Adams and Robert Walford would be used to pay their indebtedness to FCStone. As such, pursuant to the Forbearance Agreement, Scott Adams and Robert Walford further agreed to execute assignments of the tax refunds to FCStone and to apply the proceeds of any such refunds to their indebtedness as provided in the Forbearance Agreement. True and correct copies of the Assignment of Income Tax Refunds executed by Scott Adams and Robert Walford are attached as Exhibit C.[3]

17. Under the terms of the Forbearance Agreement, Scott Adams and Robert Walford agreed that, upon receipt of any funds representing tax refunds, two-thirds of each such payment would be applied as payment on the Promissory Note. The remaining one-third of any such tax refund was to be deposited in a new trading account (the "New Trading Account"), that was to be established by Scott Adams and Robert Walford, and pledged to FCStone to secure payment of their indebtedness. The Forbearance Agreement provides that at such point as any tax refund proceeds deposited in the New Trading Account totaled five million dollars ($5,000,000), then the full amount of any remaining or additional tax refunds would be applied as payment for the Promissory Note.

---

[3] FCStone has not attached a copy of the Assignment of Income Tax Refunds to this Complaint in order to maintain the confidential treatment agreed upon by the parties. FCStone intends promptly to seek entry by this Court of an appropriate protective order such that it may file Exhibit C under seal.

4

CHIC_4649555.1

18. Notwithstanding the terms described above in paragraph 17, paragraph 2(e) of the Forbearance Agreement further provided for a "hold back" such that Defendant, Robert Walford, could retain up to six hundred thousand dollars ($600,000) of any federal tax refund for 2008.

19. The Assignment of Income Tax Refunds, which explicitly references the Forbearance Agreement, further provides that Scott Adams and Robert Walford would deliver any refunds to FCStone within five (5) business days of receipt of such refund.

20. Pursuant to paragraph 4(c) of the Promissory Note, any failure by either Scott Adams or Robert Walford to perform his obligations under the Forbearance Agreement constitutes an Event of Default.

21. Pursuant to paragraph 5 of the Promissory Note, upon the occurrence of an Event of Default, the entire unpaid amount of the Promissory Note becomes immediately and automatically payable, and FCStone may exercise any and all rights and remedies available to it to collect upon the full indebtedness owed by Scott Adams and Robert Walford.

22. On information and belief, in or prior to December 2009, Robert Walford, received a federal tax refund for 2008 in the approximate amount of $800,000. In addition, on information and belief, in or prior to December 2009, Robert Walford received a New York state tax refund for 2008 in the approximate amount of $300,000.

23. Defendant, Robert Walford, has failed to pay to FCStone the amount of the 2008 federal and New York state tax refunds to which it is entitled under the Forbearance Agreement and Assignment of Income Tax Returns.

24. Defendants, Scott Adams and Robert Walford have failed to establish the New Trading Account required under the Forbearance Agreement. Moreover, Robert Walford has

failed to deposit one-third of the proceeds from his 2008 federal and New York state tax refund in such a New Trading Account as required by the Forbearance Agreement.

25. Through his counsel, Defendant, Robert Walford, has advised FCStone that he believes that his wife, Lisa Walford, is entitled to one-half of each tax refund for 2009 and all prior years. As such, Robert Walford, has advised FCStone that his wife is entitled to one-half of the 2008 federal tax refund (approximately $400,000), and that he is entitled to retain the remainder pursuant to the hold back provision in paragraph 2(e) of the Forbearance Agreement.

26. With respect to the 2008 New York state tax refund, Robert Walford (through his counsel) has asserted that his wife is entitled to a one-half interest (approximately $150,000). Even based upon his assertion (which FCStone disputes), however, FCStone is entitled to be paid two-thirds of the remaining one-half interest (approximately $100,000).

27. Notwithstanding the fact that even under his asserted position FCStone is owed approximately $100,000 from the 2008 New York state tax refund, Robert Walford did not pay such amounts to FCStone within five days of receipt of the 2008 New York state refund. While FCStone disputes that it is only owed this amount of the 2008 New York state tax refund, as of the date of this Complaint, Robert Walford has not paid even this disputed amount to FCStone.

28. Through his counsel, Scott Adams has also advised FCStone that he believes that his wife, Samantha Garbers-Adams, is entitled to one-half of each tax refund for 2009, and all prior years.

29. Defendant, Lisa Walford, has asserted an entitlement to one-half of each tax refund received by Robert Walford for 2009, and all prior years.

30. Defendant, Samantha Garbers-Adams, has asserted an entitlement to one-half of each tax refund received by Scott Adams for 2009, and all prior years.

6

## Count I
### (Breach of Contract As Against Robert W. Walford)

31.  FCStone restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32.  Defendant, Robert Walford, has breached his obligations under the Forbearance Agreement and Assignment of Income Tax Returns in the following respects:

(a)  failing to pay to FCStone within five (5) business days the amounts to which FCStone is entitled of the 2008 federal tax refund;

(b)  failing to pay to FCStone within five (5) business days the amounts to which FCStone is entitled of the 2008 New York state tax refund;

(c)  failing to pay FCStone within five (5) business days the approximate sum of $100,000 that is due and owing to FCStone as a result of the 2008 New York state tax refund even accepting the position taken by Robert Walford (which sum is part of the amount of the 2008 New York state tax refund to which FCStone asserts it is entitled under (b), above);

(d)  failing to establish a New Trading Account and failing to deposit any portion of the 2008 federal or New York state tax refund into such a New Trading Account;

(e)  asserting that his wife, Lisa Walford, is entitled to one-half of each tax refund received or to be received for 2009 and all prior years in direct contravention of the terms of the Forbearance Agreement and his Assignment of Income Tax Returns.

33.  The above-described breaches of the Forbearance Agreement, separately and collectively, constitute an Event of Default pursuant to paragraph 4(c) of the Promissory Note.

34.  As a result of the Event of Default, all amounts owing under the Promissory Note are immediately and automatically due and payable to FCStone. The amount currently due and payable to FCStone under the Promissory Note is one hundred and twenty-seven million dollars ($127,000,000), plus accrued interest at the rate of 1.94% per annum.

35.  As a result of the failure of Defendant, Robert Walford, to pay to FCStone the amounts due and payable under the Promissory Note, FCStone has been damaged in the amount

CHIC_4649555.1

of one hundred and twenty-seven million dollars ($127,000,000), plus accrued interest at the rate of 1.94% per annum.

36. Pursuant to paragraph 9 of the Promissory Note, FCStone is entitled to an award of all expenses, including reasonable attorneys' fees and court costs, incurred in enforcing its rights under the Promissory Note.

WHEREFORE, Plaintiff, FCStone, LLC, requests that this Court enter a judgment in its favor and against Defendant, Robert W. Walford, for the following:

(i) the sum of one hundred and twenty-seven million dollars ($127,000,000), plus accrued interest at the rate of 1.94% per annum;

(ii) all costs, including reasonable attorneys' fees and court costs, incurred in enforcing its rights under the Promissory Note; and

(iii) any further relief the Court deems just and equitable.

## Count II
### (Breach of Contract As Against Scott A. Adams)

37. FCStone restates and realleges paragraphs 1 through 36 as though fully set forth herein.

38. The above-described breaches of the Forbearance Agreement by Defendant, Robert Walford, separately and collectively, constitute an Event of Default as to Defendant, Scott Adams, pursuant to paragraph 4(c) of the Promissory Note.

39. In addition, Scott Adams has anticipatorily breached the Forbearance Agreement by asserting that his wife is entitled to one-half of each tax refund for 2009 and all prior years in direct contravention of the terms of the Forbearance Agreement and his Assignment of Income Tax Refund. This anticipatory breach of the Forbearance Agreement by Scott Adams constitutes an additional Event of Default pursuant to paragraph 4(c) of the Promissory Note.

40. As a result of the Event of Default, all amounts owing under the Promissory Note are immediately and automatically due and payable to FCStone. The amount currently due and payable to FCStone under the Promissory Note is one hundred and twenty-seven million dollars ($127,000,000), plus accrued interest at the rate of 1.94% per annum.

41. As a result of the failure of Defendant, Scott Adams, to pay to FCStone the amounts due and payable under the Promissory Note, FCStone has been damaged in the amount of one hundred and twenty-seven million dollars ($127,000,000), plus accrued interest at the rate of 1.94% per annum.

42. Pursuant to paragraph 9 of the Promissory Note, FCStone is entitled to an award of all expenses, including reasonable attorneys' fees and court costs, incurred in enforcing its rights under the Promissory Note.

WHEREFORE, Plaintiff, FCStone, LLC, requests that this Court enter a judgment in its favor and against Defendant, Scott Adams, for the following:

(i) the sum of one hundred and twenty-seven million dollars ($127,000,000), plus accrued interest at the rate of 1.94% per annum;

(ii) all costs, including reasonable attorneys' fees and court costs, incurred in enforcing its rights under the Promissory Note; and

(iii) any further relief the Court deems just and equitable.

### Count III
### (Declaratory Judgment And Constructive Trust As Against All Defendants)

43. FCStone restates and realleges paragraphs 1 through 42 as though fully set forth herein.

44. Based upon the above allegations, an actual case or controversy exists between FCStone and Defendants, Scott Adams and Samantha Garbers-Adams. Specifically, Scott Adams and Samantha Garbers-Adams contend that Samantha Garbers-Adams is entitled to one-

half of each tax refund received or to be received by them as a result of losses incurred by Scott Adams in his trading accounts maintained at FCStone. FCStone asserts that the full amount of any such tax refund for 2009 or prior years was assigned by Scott Adams to FCStone and is required to be applied to the indebtedness of Scott Adams to FCStone as provided by the terms of the Forbearance Agreement, Promissory Note and Assignment of Income Tax Refunds.

45.   Based upon the above allegations, an actual case or controversy exists between FCStone and Defendants, Robert Walford and Lisa Walford. Specifically, Robert Walford and Lisa Walford contend that Lisa Walford is entitled to one-half of each tax refund received or to be received by them as a result of losses incurred by Robert Walford in his trading accounts maintained at FCStone. FCStone asserts that the full amount of any such tax refund for 2009 or prior years was assigned by Robert Walford and is required to be applied to the indebtedness of Robert Walford to FCStone as provided by the terms of the Forbearance Agreement, Promissory Note and Assignment of Income Tax Refunds.

46.   Defendants, Scott Adams and Samantha Garbers-Adams have wrongfully conspired to deprive FCStone of assets to which it is entitled under the Forbearance Agreement, Promissory Note and Assignment of Tax Refunds. Accordingly, in order to protect FCStone's interest in such assets, FCStone is entitled to the imposition of a constructive trust on the proceeds of any tax refunds received by Scott Adams or Samantha Garbers-Adams for 2009 and all prior years.

47.   Defendants, Robert Walford and Lisa Walford have wrongfully conspired to deprive FCStone of assets to which it is entitled under the Forbearance Agreement, Promissory Note and Assignment of Tax Refunds. Accordingly, in order to protect FCStone's interest in

CHIC_4649555.1

such assets, FCStone is entitled to the imposition of a constructive trust on the proceeds of any tax refunds received by Robert Walford or Lisa Walford for 2009 and all prior years.

WHEREFORE, Plaintiff, FCStone, LLC, requests that this Court enter a judgment in its favor and against the Defendants:

(i) imposing a constructive trust for the benefit of FCStone on any tax refunds received or to be received by Scott A. Adams and/or Samantha Garbers-Adams for 2009 or earlier years;

(ii) imposing a constructive trust for the benefit of FCStone on any tax refunds received or to be received by Robert W. Walford and/or Lisa Walford for 2009 or earlier years;

(iii) declaring that Samantha Garbers-Adams is not entitled to retain one-half of any tax refund received by Scott Adams and/or Samantha Garbers-Adams for 2009 or prior years, and that any such tax refunds must be applied to the indebtedness of Scott A. Adams to FCStone as provided in the Forbearance Agreement, Promissory Note and Assignment of Income Tax Refunds;

(iv) declaring that Lisa Walford is not entitled to retain one-half of any tax refund received by Robert Walford and/or Lisa Walford for 2009 or prior years, and that any such tax refunds must be applied to the indebtedness of Robert W. Walford to FCStone as provided in the Forbearance Agreement, Promissory Note and Assignment of Income Tax Refunds;

(v) any further relief the Court deems just and equitable.

DATED: January 25, 2010                Respectfully submitted,

s/ Dean M. Jeske
Stephen P. Bedell (Attorney No. 3125972)
Dean M. Jeske (Attorney No. 6201378)
Katherine E. Licup (Attorney No. 6288355)
Foley & Lardner LLP
321 North Clark Street
Suite 2800
Chicago, IL 60654
312.832.4500

*Attorneys for Plaintiff,*
*FCStone, LLC*

11

CHIC_4649555.1

**EXHIBIT A**

**TO BE FILED UNDER SEAL UPON ENTRY OF A PROTECTIVE ORDER**

**EXHIBIT B**

**TO BE FILED UNDER SEAL UPON ENTRY OF A PROTECTIVE ORDER**

**EXHIBIT C**

**TO BE FILED UNDER SEAL UPON ENTRY OF A PROTECTIVE ORDER**