UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISA WALFORD AND SAMANTHA GARBERS-ADAMS, | |
| Plaintiffs, | Case No. 10-CV-0726 |
| v. | Judge Denny Chin |
| SCOTT A. ADAMS, ROBERT W. WALFORD, AND FCSTONE, LLC | |
| Defendants. | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS
SAMANTHA GARBERS-ADAMS'S AND LISA WALFORD'S MOTION TO REMAND**

MOUND COTTON WOLLAN & GREENGRASS
Michael R. Koblenz, Esq. (MK 0888)
Sara F. Lieberman, Esq. (SL 3969)
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 804-4200
Facsimile: (212) 344-8066
mkoblenz@moundcotton.com
slieberman@moundcotton.com
*Attorneys for Plaintiffs Samantha Garbers-Adams
and Lisa Walford*

## Table of Contents

Table of Authorities ................................................................................................. ii, iii

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ........................................................................................ 2

ARGUMENT .............................................................................................................. 4

    I.   THE PARTIES ARE PROPERLY ALIGNED AND REMOVAL FAILS FOR
        LACK OF SUBJECT MATTER JURISDICTION ................................................ 4

        A.   A Collision of Interest Exists Between Plaintiffs and Defendants ................. 4

        B.   Defendants Scott Adams and Robert Walford Do Not Have Standing In
             Plaintiffs' Declaratory Judgment Action ......................................................... 7

    II.  THE REMOVAL PETITION IS FUNDAMENTALLY DEFECTIVE ................... 8

        A.   FCStone's Notice of Removal is Facially Defective and Fatally Flawed ...... 8

        B.   FCStone's Amended Notice of Removal is Untimely as a Matter
             of Law and Similarly Fundamentally Defective ........................................... 10

CONCLUSION ........................................................................................................ 10

# Table of Authorities

**Cases**

*Arabesque v. Capacity LLC*, No. 07 Civ. 2042 (TPG), 2008 U.S. Dist. LEXIS 19779 (S.D.N.Y. Mar. 10, 2008) ................................................................................................ 9

*Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432 (S.D.N.Y. 2006) ........................................ 6

*Gensler v. Sanolfi-Aventis*, No. CV-08-2255 (DGT)(RER), 2009 U.S. Dist. LEXIS 27333 (E.D.N.Y. Mar. 30, 2009) ............................................................................................... 4

*Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48 (2d Cir. 2000) ........................................ 9

*Hershman v. Unumprovident Corp.*, 658 F. Supp. 2d 598 (S.D.N.Y. 2007) .................................. 6

*In re Allen E. Dekdebrun, Jr. v. Hardt*, 417 N.Y.S.2d 331 (App. Div. 4th Dep't 1979) ................. 7

*In re Barrow*, 306 B.R. 28 (Bankr. W.D.N.Y. 2004) ..................................................................... 7

*In re Liquidation of Ideal Mut. Ins. Corp. v. Doug Ruedlinger, Inc.*, 571 N.Y.S.2d 18 (App. Div. 1st Dep't 1991) ................................................................................................. 7

*In re Marciano*, 372 B.R. 211 (Bankr. S.D.N.Y. 2007) ................................................................. 7

*Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63 (1941) ............................................................. 5, 6

*Irving Trust Co. v. Century Exp. & Imp., S.A.*, 464 F. Supp. 1232 (S.D.N.Y. 1979) ................ 6, 10

*Leveraged Leasing Admin. Corp. v. Pacificorp Capital, Inc.*, 87 F.3d 44 (2d Cir. 1996) ........... 8, 9

*Mackason v. Diamond Fin. LLC*, 347 F. Supp. 2d 53 (S.D.N.Y. 2004) ....................................... 9

*Maryland Cas. Co. v. W.R. Grace and Co.*, 23 F.3d 617 (2d Cir. 1993) ....................................... 6

*New York City Sch. Constr. Auth. v. Bedell Assocs., Inc.*, No. 97 Cv. 4159, 1997 U.S. Dist. LEXIS 15597 (E.D.N.Y. Sept. 12, 1997) ............................................................... 4

*N.K.T. Land Acquisitions, Inc. v. Chase Manhattan Mortgage Corp.*, 1:07-CV-790 (GLS/RFT), 2007 U.S. Dist. LEXIS 90391 (N.D.N.Y. Dec. 7, 2007) .............................. 9

*Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320 (S.D.N.Y. 2007) .............................. 6

*Syms, Inc. v. IBI Sec. Serv., Inc.*, 586 F. Supp. 53 (S.D.N.Y. 1984) ............................................. 6

**Statutes**

N.Y. Dom. Rel. Law § 236 ................................................................................................................ 4

N.Y. Tax Law § 686 .......................................................................................................................... 4

26 U.S.C. § 6402(a) ........................................................................................................................... 4

28 U.S.C. § 1332 ..................................................................................................................... 1, 3, 7, 8

28 U.S.C. § 1441 ............................................................................................................................ 1, 3

28 U.S.C. § 1446 ......................................................................................................................... 8, 10

28 U.S.C. § 1447(c) ........................................................................................................................... 1

C.P.L.R. § 3001 .............................................................................................................................. 4, 7

I.R.C. § 6402(a) ................................................................................................................................. 4

## **PRELIMINARY STATEMENT**

Plaintiffs Samantha Garbers-Adams and Lisa Walford (collectively "Plaintiffs"), through their attorneys, Mound Cotton Wollan & Greengrass, respectfully submit this Reply Memorandum of Law in further support of their motion pursuant to 28 U.S.C. §§ 1441 and 1447(c) to remand this action to State court together with attorneys' fees, costs, disbursements, and interest, and for such other and further relief as this Court deems just and proper.

This action should be remanded because defendant FCStone, LLC ("FCStone") has failed to establish -- because it cannot -- the subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1332. Complete diversity of citizenship does not now exist, and certainly did not exist either when the action was commenced or when the action was removed. FCStone's request for realignment is nothing more than a clever ploy in an impermissible game of forum-shopping, as evidenced by FCStone's removal coupled with its request to transfer this action to Illinois. Realignment, however, is improper and unwarranted because a clear collision of interests exists between the Plaintiffs and defendants Scott A. Adams ("Scott Adams") and Robert W. Walford ("Robert Walford") (FCStone, Scott Adams, Robert Walford, collectively, "Defendants"). Moreover, realignment is impossible because, in its theoretical application, neither Scott Adams nor Robert Walford would have standing as a plaintiff in this declaratory judgment action.

In addition, FCStone's removal petition is facially defective and fatally flawed. FCStone's failure to properly plead this Court's subject matter jurisdiction in its removal petition is not a mere technicality as FCStone incorrectly claims, but rather a fundamental defect. Neither Plaintiffs' Complaint nor FCStone's removal petition sets forth the subject matter jurisdiction of this Court. Thus, FCStone has failed to meet its burden of proof that removal is proper. FCStone's amended notice of removal is untimely as a matter of law, and similarly fails to set forth the jurisdiction of this Court. Accordingly, remand is warranted.

As FCStone's removal petition was predicated upon a diversity of citizenship that clearly does not exist, Plaintiffs are entitled to an award of fees, costs, and actual expenses, including attorneys' fees incurred as a result of this removal.

## STATEMENT OF FACTS

The facts relevant to this motion are more fully set forth in the affidavits of Samantha Garbers-Adams, dated March 30, 2010, and the exhibits attached thereto, and Lisa Walford, dated March 31, 2010, and the exhibits attached thereto, and Plaintiffs' Memorandum of Law in support of this motion. FCStone's mischaracterization of key facts in its memorandum of law must be addressed and clarified.

Plaintiffs commenced this action on December 28, 2009 in the Supreme Court of the State of New York, County of New York (Index No. 118152/09) seeking a declaration, *inter alia*, that they are entitled -- as a matter of law -- to a one-half share of each and every joint tax refund received by them and their husbands, defendants Scott Adams and Robert Walford, respectively. Defendants had settled disputes arising out of a deficit in Scott Adams's and Robert Walford's trading accounts with FCStone by entering into certain settlement agreements ("Settlement Agreements"), which provided for, *inter alia*, an assignment of Scott Adams's and Robert Walford's *one-half interest* in any joint tax refunds received by them and Plaintiffs. Significantly, Plaintiffs, who were not parties to the Settlement Agreements, brought this action only after FCStone threatened to pursue a claim against their assets, unless Plaintiffs' respective shares of any tax refunds for the applicable tax years were turned over to FCStone. Plaintiffs, however, have never assigned nor transferred their interests in the tax refunds to FCStone, and they were not willing to accede to the attempted coercion to do so.

A critical fact, which FCStone repeatedly ignores, is that Plaintiffs are not and were never parties to Defendants' Settlement Agreements, nor are they even mentioned in the Settlement

2

Agreements, and they are not third party beneficiaries thereof. Accordingly, they are not and cannot be bound by the terms therein. Plaintiffs did not negotiate the terms of these Settlement Agreements with any of the Defendants, and therefore, did not bargain for or consent to the terms therein, including the forum selection clause. Thus, Plaintiffs are not bound by the obligations in the Defendants' agreements, and cannot, as FCStone inappropriately claims, "avoid" any obligations in these agreements.[1] In addition, Plaintiffs were not parties to the trading accounts, and did not engage in any of the Defendants' trading activities.

Moreover, Plaintiffs' rights to a one-half share of the joint tax refunds do not arise out of or relate to the Defendants' Settlement Agreements, but rather arise under the laws of the State of New York and the Internal Revenue Code. FCStone incorrectly claims that Plaintiffs and defendants Scott Adams and Robert Walford "all contend that a 50% interest in the tax refunds . . . may be withheld from FCStone."[2] This is completely inaccurate and misleading. Plaintiffs are not seeking to "withhold" the tax refunds from FCStone, but rather Plaintiffs are legally entitled to a one-half share of the refunds, and Plaintiffs' interest in these refunds has not been assigned or transferred to FCStone. In furtherance of its unwillingness to accept the clear terms of the Settlement Agreements, FCStone has inappropriately threatened to usurp Plaintiffs' rights and pursue a claim against Plaintiffs' assets.

Remand is warranted because FCStone has failed to establish the subject matter of this Court pursuant to 28 U.S.C. § 1332 as there is no complete diversity of citizenship, and this action was improperly removed under 28 U.S.C. § 1441.

---

[1] Plaintiffs are not parties to the Settlement Agreements, and thus, were not under any obligations to file amended State and Federal tax returns. Nevertheless, Plaintiffs and their husbands did timely prepare and file tax returns for 2008 and amended tax returns for 2005, 2006, and 2007. The amended tax returns were approximately 100 pages each, and their accountants spent many months preparing these documents.

[2] *Defendant FCStone's Memorandum of Law In Opposition to Plaintiffs' Motion to Remand ("FCStone Mem.")* at 2.

3

## ARGUMENT

### I. THE PARTIES ARE PROPERLY ALIGNED AND REMOVAL FAILS FOR LACK <u>OF SUBJECT MATTER JURISDICTION</u>

#### A.    <u>A Collision of Interest Exists Between Plaintiffs and Defendants</u>

FCStone's request for realignment should be denied because the Complaint clearly sets forth an actual controversy between Plaintiffs and Defendants. *See New York City Sch. Constr. Auth. v. Bedell Assocs., Inc.*, No. 97 Cv. 4159, 1997 U.S. Dist. LEXIS 15597, at *10 (E.D.N.Y. Sept. 12, 1997) (declining to realign the parties where parties were already aligned according to their real interests); *Gensler v. Sanolfi-Aventis*, No. CV-08-2255 (DGT)(RER), 2009 U.S. Dist. LEXIS 27333, at *8 (E.D.N.Y. Mar. 30, 2009) (holding that complete diversity was defeated where defendants were "real part[ies] in interest"). Plaintiffs brought this action pursuant to C.P.L.R. § 3001 for a declaration that they are legally entitled to their respective one-half interest in any and all joint tax refunds received by them and their husbands. *See* N.Y. C.P.L.R. § 3001. Plaintiffs' right to a one-half share of the refunds arises under the laws of the State of New York (*see, e.g.*, N.Y. Dom. Rel. Law § 236; N.Y. Tax Law § 686) and the Internal Revenue Code (*see* I.R.C. § 6402(a); 26 U.S.C. § 6402(a)). Such refunds result from New York State's and the Internal Revenue Code's treatment of a tax overpayment. *See id.* Plaintiffs' rights do not, however, arise from or relate in any way to the Defendants' Settlement Agreements to which Plaintiffs were not parties.

FCStone, however, has threatened to assert claims against Plaintiffs' assets through a tortured interpretation of the Settlement Agreements. As the other parties to these same agreements, Scott Adams and Robert Walford could follow the same course as FCStone and lay claim to their respective wives' interests in their joint tax refunds. Given that Scott Adams and Robert Walford engaged in transactions in their trading accounts, which resulted in an account deficit of approximately $127,000,000, it is plausible that might assert a claim over Plaintiffs' assets to be applied to their debt. Neither Scott Adams or Robert Walford has answered or moved in this

4

action, and FCStone's contention that their interests are aligned with the Plaintiffs' interests is therefore baseless and completely without merit.[3]

There is nothing in the record in *this* action that shows or even suggests that the interests of defendants Scott Adams and Robert Walford are "aligned" with those of Plaintiffs, and FCStone's reliance on discovery responses in the *Illinois* action is misplaced.[4] FCStone has failed to show the current state of the Plaintiffs' marital relationships (which are, in fact, strained) or their financial matters and dealings. Plaintiffs were not part of any trading activities between and among Defendants. Defendants, not Plaintiffs, engaged in the trading activities that resulted in a $127,000,000 deficit.

Moreover, Plaintiffs are not parties to the Defendants' agreements nor third party beneficiaries thereof, and they were not part of any contract negotiations between and among Defendants. Under the Assignment Agreements, Scott Adams and Robert Walford assigned *their one-half interest,* and only their one half interest, in the joint tax refunds to FCStone. They did not (and could not) assign their wives' interests in the refunds. Plaintiffs have a property right to a one-half share of the joint tax refunds that is separate and apart from their respective husband's property rights, and Plaintiffs are properly seeking a declaration to protect their rights. Their economic interests are separate and apart from those of the Defendants. Thus, looking beyond the pleadings, the parties are properly aligned. *See Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941). Where, as here, there is a clear "collision of interest" between Plaintiffs and all Defendants,

---

[3] In a desperate attempt to argue for realignment, FCStone alleges, *albeit* falsely, that the absence of Scott Adams and Robert Walford at the pre-motion conference purportedly demonstrated that they were "content to allow counsel for [Plaintiffs] to represent their interests." *FCStone Mem.* at 6n.4. This statement is wholly untrue, and such an unsubstantiated flagrant misrepresentation demonstrates nothing. Neither of these defendants has appeared in this action. Moreover, Plaintiffs interests are not aligned with the interests of these defendants.

[4] It is unsurprising that Scott Adams and Robert Walford responded to their requests to admit and their interrogatories (in the Illinois action) that their wives are entitled to one-half of the refunds -- because such a right exists as a matter of law. That is not to say, however, that their interests are "aligned" for purposes of the declaratory judgment action, or that Scott Adams and Robert Walford do not intend to pursue a claim against Plaintiffs' assets. In fact, their responses actually highlight the diversity between their interests and Plaintiffs' interests, and not the alignment of such interests.

5

"realignment is inappropriate and impermissible." *Syms, Inc. v. IBI Sec. Serv., Inc.*, 586 F. Supp. 53, 56 (S.D.N.Y. 1984) (declining to realign the parties where a clear "collision of interest" existed between plaintiff and both defendants).[5]

Further, it is apparent that FCStone's request for realignment is motivated by forum-shopping as evidenced by their removal and then their motion to transfer this action to Illinois. This Court has recently acknowledged that this cannot be permitted. *See Hershman v. Unumprovident Corp.*, 658 F. Supp. 2d 598, 601 (S.D.N.Y. 2007 (citations omitted) (explaining that the "more it appears the decision is 'motivated by forum shopping reasons,' the less deference will be accorded to it.") (internal citations omitted). The collision of interest approach is consistent with the Supreme Court's chief concern in *Indianapolis* that "parties not manipulate alignment to manufacture diversity jurisdiction." *Maryland Cas. Co. v. W.R. Grace and Co.*, 23 F.3d 617, 623 (2d Cir. 1993). That is exactly what FCStone is trying to do here, and such behavior cannot be countenanced by the Court. Plaintiffs properly filed their action in State court, and priority should be granted to Plaintiffs' choice of forum.

"[W]hen a party challenges the removal of an action from state court, the burden falls on the removing party 'to establish its right to a federal forum by competent proof.'" *Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 325 (S.D.N.Y. 2007) (citations omitted); *see also Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 436 (S.D.N.Y. 2006) (noting that the party asserting jurisdiction bears the burden of proof that jurisdictional and procedural requirements have been met). FCStone has failed to satisfy its burden of establishing diversity of citizenship under 28

---

[5] Even if a defendant could benefit should Plaintiffs prevail, that is insufficient to support realignment. *See Irving Trust Co. v. Century Exp. & Imp., S.A.*, 464 F. Supp. 1232, 1241 (S.D.N.Y. 1979) ("That one defendant may benefit should plaintiff prevail against another defendant does not provide a sufficient basis for realignment."); *Syms*, 586 F. Supp. at 56 ("The fact that one defendant may benefit should plaintiff prevail against another defendant is not in and of itself sufficient to sustain realignment.") Thus, FCStone's claim that Plaintiffs' husbands may benefit should Plaintiffs prevail does support realignment.

6

U.S.C. § 1332, and thus has failed to establish this Court's subject matter jurisdiction, and this action must be remanded.

### B. Defendants Scott Adams and Robert Walford Do Not Have Standing In Plaintiffs' Declaratory Judgment Action

FCStone's argument for realignment fails on another ground. Realignment of defendants Scott Adams and Robert Walford is impossible because they do not have standing to bring a declaratory judgment action under C.P.L.R. § 3001 for Plaintiffs' personal property interests.

Pursuant to C.P.L.R. § 3001, a court may declare "the rights and other legal relations of the parties to a justiciable controversy." N.Y. C.P.L.R. § 3001. To bring a declaratory judgment action, a party must have standing, i.e., "a legally protectible interest, that is in direct issue or jeopardy, in order to invoke the remedy of declaratory judgment in the area of private litigation." *In re Liquidation of Ideal Mut. Ins. Corp. v. Doug Ruedlinger, Inc.*, 571 N.Y.S.2d 18, 19 (App. Div. 1st Dep't 1991) (citation omitted). Standing turns on "[whether] an individual . . . has a matured legally protectible interest in the outcome of the case such as to assure concrete adverseness in the presentation of issues." *In re Allen E. Dekdebrun, Jr. v. Hardt*, 417 N.Y.S.2d 331, 333 (App. Div. 4th Dep't 1979) (alteration in original) (citation omitted).

Here, Plaintiffs are properly seeking to protect their interest in a one-half share of the joint tax refunds received by them and their husbands. As a matter of law, there is a presumption that a one-half interest in any joint tax refunds belongs to each co-filer of the joint tax refund. *See In re Marciano*, 372 B.R. 211, 215 (Bankr. S.D.N.Y. 2007) (denying Trustee's motion seeking turnover of more than 50% of a joint tax refund where "an income tax refund should be split equally between spouses"); *In re Barrow*, 306 B.R. 28, 31-32 (Bankr. W.D.N.Y. 2004) (adopting presumption that refunds should be equally split between spouses, and noting that the presumption of equal ownership "applies a fair method for allocating a joint tax refund"). FCStone has threatened to assert a claim against Plaintiffs' assets through an improper interpretation of Defendants'

7

Settlement Agreements, hence the commencement of this lawsuit. There is no question that Plaintiffs have standing. Defendant Scott Adams and Robert Walford, as parties to the Settlement Agreements, are necessary parties to this action. They do not, however, have a "legally protectible interest" in Plaintiffs' property interests, and thus, do not have standing to seek a declaratory judgment as to *Plaintiffs'* rights to the tax refunds. Plaintiffs are seeking a declaration as to their respective one-half interest in the joint tax refunds only, and not with respect to their husbands' interests. Accordingly, Scott Adams and Robert Walford were properly named as defendants, thereby defeating diversity of citizenship, and remand is further warranted.

## II. THE REMOVAL PETITION IS FUNDAMENTALLY DEFECTIVE

### A. FCStone's Notice of Removal is Facially Defective and Fatally Flawed

Contrary to FCStone's claims, FCStone's removal petition is facially defective and fatally flawed, and thus, removal was improper. The defects are not mere "technicalities," but rather are fundamental defects that defeat subject matter jurisdiction. First, FCStone has failed to show complete diversity of citizenship under 28 U.S.C. § 1332 (a)(1) either when this action was commenced or when removal was sought, and realignment of the parties is unwarranted. Second, FCStone failed to secure consent from all defendants within the statutory period set forth under 28 U.S.C.§ 1446, and this failure further warrants remand. In addition, FCStone's removal petition fails to sets forth its own citizenship for diversity purposes, and thus, fails to properly set forth the subject matter jurisdiction of this Court, and the record does not establish that complete diversity exists. "It is firmly established that diversity of citizenship 'should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record.'" *Leveraged Leasing Admin. Corp. v. Pacificorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (citation omitted).

8

In its Notice of Removal, dated January 29, 2010, FCStone states that it is "an Iowa limited liability company with its principal place of business located at 141 West Jackson Boulevard, Suite 2650, Chicago, IL 60604." *See* Notice of Removal at ¶ 4. Under New York law, however, the citizenship of a limited liability company for purposes of diversity jurisdiction is that of each and every one of its members. *See Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Arabesque v. Capacity LLC*, No. 07 Civ. 2042 (TPG), 2008 U.S. Dist. LEXIS 19779, at *5 (S.D.N.Y. Mar. 10, 2008) ("Second Circuit precedent clearly holds that for LLCs, citizenship is determined based on the individual members of the LLC.") The state of an LLC's organization and principal place of business is irrelevant in determining its citizenship for diversity purposes. *See N.K.T. Land Acquisitions, Inc. v. Chase Manhattan Mortgage Corp.*, 1:07-CV-790 (GLS/RFT), 2007 U.S. Dist. LEXIS 90391, at *1 (N.D.N.Y. Dec. 7, 2007) (*remanding* action and holding Chase's notice of removal was defective because it did not set out Chase's members or their citizenship, and Chase failed to show diversity was nonetheless present); *Mackason v. Diamond Fin. LLC*, 347 F. Supp. 2d 53, 55-56 (S.D.N.Y. 2004) (finding averments in defendant's removal notice with respect to its own citizenship were insufficient to establish diversity jurisdiction where removal notice simply recited the principal place of business for defendant limited liability company without setting forth the citizenship of its members). Here, FCStone's Notice of Removal fails to set forth the citizenship of each and every one of its members, and thus, fails to adequately plead this Court's jurisdiction. The Court cannot determine whether there is complete diversity of citizenship, nor is it required to make any unwarranted presumptions in order to remediate FCStone's insufficient recitals. This defect in the removal petition further warrants remand.[6]

---

[6] Moreover, the Complaint alleges only that Plaintiffs and defendant Scott Adams and Robert Walford are a "resident of the State of New York." A parties' residence, however, is insufficient to establish their citizenship. *Leveraged*, 87 F.3d at 47 ("It is also clear that a statement of the parties' residence is insufficient to establish their citizenship."); *see also Todtman, Nachamie, Spizz & Johns, P.C. v. Ashraf*, No. 05 Civ. 10098 (CSH), 2006 U.S. Dist. LEXIS 72711, at *6 (S.D.N.Y. Oct. 4, 2006) (noting "when a plaintiff alleges residence but not citizenship," that is insufficient to establish diversity jurisdiction). Thus, the Complaint does not allege the *citizenship* of any of the parties. FCStone assumes,

9

### B. FCStone's Amended Notice of Removal is Untimely as a Matter of Law and Similarly Fundamentally Defective

FCStone then purported to amend its Notice of Removal to include the citizenship of its members by filing an Amended Notice of Removal on February 25, 2010; however, this Amended Notice of Removal was filed beyond the thirty day time period set forth in 28 U.S.C. § 1446, and thus, is untimely as a matter of law. It is well established that removal statutes are to be strictly construed, and the "failure to comply with the time limits set by § 1446(b)" warrants remand. *Irving Trust*, 464 F. Supp. at 1236, 1239. In any event, the Amended Notice of Removal similarly fails to set forth this Court's jurisdiction because diversity of citizenship is still lacking and all defendants did not consent to removal.

### CONCLUSION

For all of the foregoing reasons, Plaintiffs Samantha Garbers-Adams and Lisa Walford respectfully request that this Court issue an Order remanding this action to state court, together with attorneys' fees, costs, disbursements, and interest, and such other and further relief as this Court deems just and proper.

Dated: New York, New York
May 3, 2010

MOUND COTTON WOLLAN & GREENGRASS

Michael R. Koblenz, Esq. (MK 0888)
Sara F. Lieberman, Esq. (SL 3969)
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 804-4200
Facsimile: (212) 344-8066
mkoblenz@moundcotton.com
slieberman@moundcotton.com
*Attorneys for Plaintiffs Samantha Garbers-Adams and Lisa Walford*

---

without support, in its removal petition that the individual parties are also "citizens" of the State of New York. The record, however, does not clearly reflect the parties' citizenship for diversity jurisdiction.

## CERTIFICATE OF SERVICE

I, SARA F. LIEBERMAN, hereby certify that on this 3rd day of May, 2010, a true and correct copy of the foregoing documents was served on the Clerk of the Court and the following attorneys of record in accordance with the Federal Rules of Civil Procedure and/or U.S. District Court's Local Rules and/or U.S. District Court's Rules on Electronic Service:

        Seth L. Levine, Esq.
        FOLEY & LARDNER LLP
        90 Park Avenue
        New York, New York 10016
        (212) 682-7474
        *Attorneys for Defendant FCStone, LLC*

        Dean M. Jeske, Esq.
        FOLEY & LARDNER
        321 North Clark Street, Suite 2800
        Chicago, Illinois 60654
        (312) 832-4500
        *Of Counsel Attorneys for Defendant FCStone, LLC*

        Mark Skolnick, Esq.
        PLATZER, SWERGOLD, KARLIN, LEVINE,
         GOLDBERG & JASLOW, LLP
        1065 Avenue of the Americas
        New York, New York 10018
        (212) 593-3000
        *Attorneys for Defendants Scott A. Adams and Robert W. Walford*

                                        /s/ Sara F. Lieberman
                                        SARA F. LIEBERMAN