# EXHIBIT A

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| FCSTONE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.  1:10-cv-00508 |
| | ) |
| SCOTT A. ADAMS, ROBERT W. WALFORD, | ) Judge Ronald A. Guzman |
| SAMANTHA GARBERS-ADAMS and LISA | ) |
| WALFORD | ) Magistrate Judge Maria Valdez |
| | ) |
| Defendants. | ) |

## DEFENDANT SAMANTHA GARBERS-ADAMS'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT SAMANTHA GARBERS-ADAMS RELATED TO PERSONAL JURISDICTION

Pursuant to Federal Rule of Civil Procedure 33, Defendant Samantha Garbers-Adams by and through her attorneys, Mound Cotton Wollan & Greengrass and Levenfeld Pearlstein, LLC, responds to Plaintiff's First Set of Interrogatories to Defendant Samantha Garbers-Adams Related to Personal Jurisdiction as follows:

Without waiving the protection of the work product doctrine, the attorney-client privilege, the marital communications privilege, or any other applicable privilege or doctrine, Defendant states that the responses set forth herein constitute the best information presently available to Defendant.  Nonetheless, discovery and/or investigation of the facts is ongoing, and potentially relevant facts, information, and documents may be discovered in the future. Accordingly, Defendant reserves the right to revise, correct, or supplement these responses - and will do so as required - under applicable orders or rules as new and different information and/or documents are discovered or revealed, or as Defendant discovers that additional information

and/or documents may be relevant. Moreover, these responses are subject to correction for inadvertent errors or omissions, if any such errors or omissions are later found to exist.

## GENERAL OBJECTIONS

1.      Defendant objects to the Interrogatories to the extent they are vague, ambiguous, overbroad, unduly burdensome, or otherwise lack sufficient precision or particularity to permit the formulation of a proper response.

2.      Defendant objects to the Interrogatories to the extent they call for the production of proprietary or other confidential information, materials, and/or documents.

3.      In providing these responses, Defendant does not in any way waive or intend to waive, but rather intends to preserve and is preserving the following:

(a)      All objections as to competency, relevancy, materiality, and admissibility;

(b)      All rights to object on any ground to the use of any of the responses herein and documents produced in response to the Interrogatories in any subsequent proceeding, including the trial of any other action;

(c)      All objections as to vagueness and ambiguity; and

(d)      All rights to object on any ground to any further discovery requests involving or relating to any of the Interrogatories.

4.      Defendant objects to the Interrogatories to the extent that they call for the disclosure of information or documents protected by the attorney-client privilege, work product doctrine, the marital communications privilege, accountant-client privilege, or any other privilege or rule of confidentiality. Defendant further objects to the Interrogatories insofar as they seek information and/or documents related to mental impressions, legal conclusions, opinions, or theories of counsel for Defendant. Defendant reserves the right to request the return

2

of any such protected document that may inadvertently be produced. Any such inadvertent production does not constitute a waiver of the privilege, doctrine, rule, or immunity.

5.      Defendant objects to the Interrogatories to the extent that they seek information and/or documents outside of Defendant's care, custody, or control. Defendant's responses herein are limited to information that is within its possession, custody, or control. Defendant further objects to the extent any request calls for legal conclusions and/or seeks information that may require expert testimony.

6.      Defendant objects the Interrogatories to the extent that they seek to expand the scope of, or impose obligations greater than those imposed by, the Federal Rules of Civil Procedure or the Local Rules of this Court. In addition, Defendant objects to each Interrogatory to the extent that it calls for information or documents that are irrelevant, and not reasonably calculated to lead to the discovery of material, necessary, and/or admissible evidence.

7.      Defendant objects to the Interrogatories to the extent that they seek information, documents, or materials to which Plaintiff has equal or greater access than Defendant, including, without limitation, matters of public record, and information, documents, and/or materials within Plaintiff's care, custody, or control.

8.      Defendant objects to the Interrogatories to the extent that they seek information, documents, or materials not concerning the factual issues regarding Defendants Lisa Walford's and Samantha Garbers-Adams's motion to dismiss for lack of jurisdiction.

9.      Defendant's objections and responses are based on information available at present and it reserves the right to supplement, amend, or correct its responses to the Interrogatories up to the close of discovery.

10.     With respect to any documents that Defendant may produce in response to any Interrogatory, Defendant does not waive, and specifically preserves, her right to object to the authenticity and/or admissibility of any such documents in any subsequent proceeding, including the trial of this or any other action.

11.     Defendant incorporates the foregoing general objections into each and every objection and/or individualized response contained herein and set forth below and into each and every amendment, supplement, or modification to these responses hereinafter provided to the specified Interrogatory propounded by Plaintiff. Defendant does not waive any general objection in response to any specific Interrogatory.

## DEFENDANT'S SPECIFIC OBJECTIONS AND RESPONSES TO PLAINTIFF'S INTERROGATORIES

### INTERROGATORY NO. 1

Identify each and every person with whom you consulted, and/or who provided assistance, advice, counsel or representation to you with respect to (a) negotiation or drafting of the Agreements or (b) your purported right, claim or entitlement to any portion of the Refunds, including but not limited to:

a. Tax preparers;

b. Accountants;

c. Your attorneys;

d. Scott A. Adams;

e. Lisa Walford;

f. Scott Adams's attorneys;

g. Robert Walford; or

h. Any other family member.

4

## RESPONSE TO INTERROGATORY NO. 1

Defendant objects to this Interrogatory for the reasons set forth in the General Objections. Defendant further objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, to the extent it otherwise lacks sufficient precision or particularity to permit the formulation of a proper response, to the extent it seeks to impose obligations greater than those imposed by Judge Guzman, and to the extent it calls for information or documents that are irrelevant and unrelated to the issue of personal jurisdiction. Subject to and without waiving the foregoing objections, Defendant states that that she is not a party or signatory to the Agreements, and she did not participate in the negotiation of drafting of the Agreements. Defendant further states that she discussed her right to one-half of the Refunds, with the following individuals:

(i)     Tax preparers/Accountants
        John Fortuna
        Greenfield & Fortuna, LLP
        120 Broadway Suite 950
        New York, NY 10271

(ii)    Attorneys
        Mound Cotton Wollan & Greengrass
        Michael R. Koblenz, Esq., Sara F. Lieberman, Esq.
        One Battery Park Plaza
        New York, NY 10004

(iii)   Scott Adams.

## INTERROGATORY NO. 2

Identify each and every person with whom you consulted, and/or who provided assistance, advice, counsel or representation to you with respect to the preparation or drafting of the amended tax returns, including but not limited to:

a. Tax preparers;

b. Accountants;

c. Your attorneys;

d. Scott A. Adams;

e. Lisa Walford;

f. Scott Adams's attorneys;

g. Robert Walford; or

h. Any other family member.

## RESPONSE TO INTERROGATORY NO. 2

Defendant objects to this Interrogatory for the reasons set forth in the General Objections. Defendant further objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, to the extent it seeks to impose obligations greater than those imposed by Judge Guzman, and to the extent it calls for information or documents that are irrelevant and unrelated to the issue of personal jurisdiction.  Subject to and without waiving the foregoing objections, Defendant identifies:

> Tax preparers/Accountants
> John Fortuna
> Greenfield & Fortuna, LLP
> 120 Broadway Suite 950
> New York, NY 10271

## INTERROGATORY NO. 3

Identify any real or personal property that you own individually that Scott Adams owned individually or jointly and has transferred to you since March 11, 2009.

## RESPONSE TO INTERROGATORY NO. 3

Defendant objects to this Interrogatory for the reasons set forth in the General Objections.

Defendant further objects to this Interrogatory on the ground that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible

evidence, to the extent it seeks to impose obligations greater than those imposed by Judge

Guzman, and to the extent it calls for information or documents that are irrelevant and unrelated

to the issue of personal jurisdiction.

## INTERROGATORY NO. 4

When did you first see the final version of the Agreements which were signed by your husband?

## RESPONSE TO INTERROGATORY NO. 4

Defendant objects to this Interrogatory for the reasons set forth in the General Objections.

Subject to and without waiving the foregoing objections, Defendant responds that she first saw

the final version of the Agreements in or about December 2009.

## INTERROGATORY NO. 5

Identify the name of the attorney whom you first consulted in connection with your purported claim or right to a portion of the Refunds or the New York Action and the date on which you first consulted him or her?

## RESPONSE TO INTERROGATORY NO. 5

Defendant objects to this Interrogatory for the reasons set forth in the General Objections.

Subject to and without waiving the foregoing objections, in or about December 2009 Defendant

first contacted Platzer, Swergold, Karlin, Levine, Goldberg and Jaslow, LLP, who advised

Defendant that they had a conflict of interest and referred the matter to Mound Cotton Wollan &

Greengrass.

## INTERROGATORY NO. 6

Describe your role and involvement in the preparation of each of the amended tax returns.

## RESPONSE TO INTERROGATORY NO. 6

Defendant objects to this Interrogatory for the reasons set forth in the General Objections. Defendant further objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, to the extent it seeks to impose obligations greater than those imposed by Judge Guzman, and to the extent it calls for information or documents that are irrelevant and unrelated to the issue of personal jurisdiction. Subject to and without waiving the foregoing objections, Defendant responds that she consulted with her accountants.

**INTERROGATORY NO. 7**

When did you first learn (a) that the Agreements provided for the filing of the amended tax returns, (b) that you were entitled to one-half of the Refunds, and (c) the anticipated amount of the Refunds?

**RESPONSE TO INTERROGATORY NO. 7**

Defendant objects to this Interrogatory for the reasons set forth in the General Objections. Defendant further objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, to the extent it lacks sufficient precision or particularity to permit the formulation of a proper response, to the extent it seeks to impose obligations greater than those imposed by Judge Guzman, and to the extent it calls for information or documents that are irrelevant and unrelated to the issue of personal jurisdiction. Subject to and without waiving the foregoing objections, Defendant responds that she first saw the Agreements in or about December 2009; that she is and was always entitled to one-half of the Refunds; and that she learned of the anticipated amount of the Refunds after the accountant prepared the amended tax returns.

**INTERROGATORY NO. 8**

When and from whom did you first learn that FCStone believed or understood that you and Lisa Walford were not entitled to any portion of the Refunds?

8

**RESPONSE TO INTERROGATORY NO. 8**

Defendant objects to this Interrogatory for the reasons set forth in the General Objections. Defendant further objects to this Interrogatory on the ground that it is vague, overly broad, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, to the extent it seeks to impose obligations greater than those imposed by Judge Guzman, and to the extent it calls for information or documents that are irrelevant and unrelated to the issue of personal jurisdiction, and to the extent it lacks sufficient precision or particularity to permit the formulation of a proper response. Subject to and without waiving the foregoing objections, Defendant responds that she first learned that FCStone was claiming a right to the entirety of the Refunds in or about December 2009.

**INTERROGATORY NO. 9**

When did you first discuss with your husband your purported right, claim or entitlement to one-half of the Refunds, and did he, at that time, agree that you are entitled to one-half of the Refunds?

**RESPONSE TO INTERROGATORY NO. 9**

Defendant objects to this Interrogatory for the reasons set forth in the General Objections. Defendant further objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, to the extent it seeks information protected by the marital communications privilege and/or any other applicable privilege, to the extent it seeks to impose obligations greater than those imposed by Judge Guzman, and to the extent it calls for information or documents that are irrelevant and unrelated to the issue of personal jurisdiction.

**INTERROGATORY NO. 10**

When did you first discuss with your husband preparing or filing the amended tax returns?

**RESPONSE TO INTERROGATORY NO. 10**

Defendant objects to this Interrogatory for the reasons set forth in the General Objections. Defendant further objects to this Interrogatory on the ground that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, to the extent it seeks information protected by the marital communications privilege and/or any other applicable privilege, to the extent it seeks to impose obligations greater than those imposed by Judge Guzman, and to the extent it calls for information or documents that are irrelevant and unrelated to the issue of personal jurisdiction.

**INTERROGATORY NO. 11**

In preparing and filing each of the tax returns and amended tax returns and communicating with attorneys, accountants and tax preparers regarding these returns, was your husband acting on your behalf with your approval and/or authorization? If the answer is in the negative with respect to any of the tax returns or amended tax returns, specify with respect to which tax returns or amended tax returns your husband was not acting on your behalf.

**RESPONSE TO INTERROGATORY NO. 11**

Defendant objects to this Interrogatory for the reasons set forth in the General Objections. Defendant further objects to this Interrogatory on the ground that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, to the extent it seeks information protected by the attorney-client privilege, marital communications privilege, accountant-client privilege, and/or any other applicable privilege, to the extent it seeks to impose obligations greater than those imposed by Judge Guzman, and to the extent it calls for information or documents that are irrelevant and unrelated to the issue of personal jurisdiction.

**INTERROGATORY NO. 12**

Identify any person in Interrogatory 2 that was acting on your behalf with your approval and/or authorization in preparing and/or filing the amended tax returns.

## RESPONSE TO INTERROGATORY NO. 12

Defendant objects to this Interrogatory for the reasons set forth in the General Objections. Defendant further objects to this Interrogatory on the ground that it is vague, ambiguous, overly broad, not reasonably calculated to lead to the discovery of relevant or admissible evidence, and to the extent it otherwise lacks sufficient precision or particularity to permit the formulation of a proper response, to the extent it seeks to impose obligations greater than those imposed by Judge Guzman, and to the extent it calls for information or documents that are irrelevant and unrelated to the issue of personal jurisdiction. Subject to and without waiving the foregoing objections, Defendant responds that she acted on her own behalf with the assistance of the following:

> John Fortuna
> Greenfield & Fortuna, LLP
> 120 Broadway Suite 950
> New York, NY 10271

## INTERROGATORY 13

Identify all instances, if any, in which you refused to sign, withheld your signature from, or instructed another person not to file your tax returns or amended tax returns, and explain why you did so.

## RESPONSE TO INTERROGATORY NO. 13

Defendant objects to this Interrogatory for the reasons set forth in the General Objections. Defendant further objects to this Interrogatory on the ground that it is vague, ambiguous, overly broad, not reasonably calculated to lead to the discovery of relevant or admissible evidence, and to the extent it otherwise lacks sufficient precision or particularity to permit the formulation of a proper response, to the extent it seeks to impose obligations greater than those imposed by Judge Guzman, and to the extent it calls for information or documents that are irrelevant and unrelated to the issue of personal jurisdiction. Subject to and without waiving the foregoing objections, Defendant responds that she did not refuse to sign her tax returns or amended tax returns, that

11

she did not withhold her signature from her tax returns or amended tax returns, and she did not

instruct another person not to file her tax returns or amended tax returns.

## INTERROGATORY 14

When were each of the amended tax returns first presented to you for your signature, who presented them to you, and when did you actually sign the amended tax returns which were, in fact, filed with the governmental authorities?

## RESPONSE TO INTERROGATORY NO. 14

Defendant objects to this Interrogatory for the reasons set forth in the General Objections.

Defendant further objects to this Interrogatory on the ground that it is vague, ambiguous, overly

broad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant or

admissible evidence, and to the extent it otherwise lacks sufficient precision or particularity to

permit the formulation of a proper response, to the extent it seeks to impose obligations greater

than those imposed by Judge Guzman, and to the extent it calls for information or documents

that are irrelevant and unrelated to the issue of personal jurisdiction.  Subject to and without

waiving the foregoing objections, Defendant responds that the amended tax returns were

presented to her for her signature by her accountants after months of preparation.

## INTERROGATORY 15

As of December 28, 2009, did you know that the amended tax returns had not been filed? If so, had you agreed, prior to December 28, 2009, with your husband or tax preparers that they should no [sic] be filed? If not, when did you first become aware that the amended tax returns had not been filed as of December 28, 2009?

## RESPONSE TO INTERROGATORY NO. 15

Defendant objects to this Interrogatory for the reasons set forth in the General Objections.

Defendant further objects to this Interrogatory on the ground that it is vague, ambiguous, overly

broad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant or

admissible evidence, and to the extent it otherwise lacks sufficient precision or particularity to

permit the formulation of a proper response, to the extent it seeks to impose obligations greater

than those imposed by Judge Guzman, and to the extent it calls for information or documents

that are irrelevant and unrelated to the issue of personal jurisdiction.

## INTERROGATORY 16

Identify all of your contacts with, travel to, or business in the State of Illinois during the Relevant Period.

## RESPONSE TO INTERROGATORY NO. 16

Defendant objects to this Interrogatory for the reasons set forth in the General Objections.

Subject to and without waiving the foregoing objections, Defendant responds that she has had no

contacts with, travel to, or business in the State of Illinois during the Relevant Period.

## INTERROGATORY 17

If you signed the amended tax returns prior to December 28, 2009, according to your understanding, why were they not filed until March of 2010, and did you agree that the amended tax returns should not be filed until March of 2010?

## RESPONSE TO INTERROGATORY NO. 17

Defendant further objects to this Interrogatory on the ground that it is vague, ambiguous,

overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant

or admissible evidence, and to the extent it lacks sufficient precision or particularity to permit the

formulation of a proper response, to the extent it seeks to impose obligations greater than those

imposed by Judge Guzman, and to the extent it calls for information or documents that are

irrelevant and unrelated to the issue of personal jurisdiction.

## INTERROGATORY 18

Prior to December 28, 2009, did you instruct or authorize your husband or tax preparers to file the amended tax returns, and if so, when and whom did you instruct or authorize to do so?

**RESPONSE TO INTERROGATORY NO. 18**

Defendant objects to this Interrogatory for the reasons set forth in the General Objections. Defendant further objects to this Interrogatory on the ground that it is vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant or admissible evidence, and to the extent it otherwise lacks sufficient precision or particularity to permit the formulation of a proper response, to the extent it seeks information protected by the attorney-client privilege, marital communications privilege, accountant-client privilege, and/or any other applicable privilege, to the extent it seeks to impose obligations greater than those imposed by Judge Guzman, and to the extent it calls for information or documents that are irrelevant and unrelated to the issue of personal jurisdiction.

Dated: April 26, 2010

MOUND COTTON WOLLAN & GREENGRASS

Michael R. Koblenz, Esq. (1673078)
Sara F. Lieberman, Esq. (4399655)
One Battery Park Plaza
New York, NY 10004
(212) 804-4200 (*telephone*)
(212) 344-8066 (*facsimile*)

LEVENFELD PEARLSTEIN, LLC
Kurt Stitcher, Esq. (ARDC # 6205369)
Amy Pines, Esq. (ARDC # 6280875)
2 North La Salle Street, Suite 1300
Chicago, IL 60602
(312) 346-8380 (*telephone*)
(312) 346-8434 (*facsimile*)

*Attorneys for Defendants Samantha Garbers-Adams
and Lisa Walford*

## **VERIFICATION**

I, Samantha Garbers-Adams, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that I have read Defendant Samantha Garbers-Adams's Objections and Responses to Plaintiff's First Set of Interrogatories to Defendant Samantha Garbers-Adams Related to Personal Jurisdiction, and know the contents thereof, which are, upon information and belief, true and correct.

SAMANTHA GARBERS-ADAMS

Executed on 21 st
day of April 2010

15

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                        ) ss.
COUNTY OF NEW YORK  )

        Arlene Mocko, being duly sworn, deposes and says:

        Deponent is not a party to this action, is over the age of 18 years and resides in Kings County, New York.

        On April 26, 2010, deponent served the within **Defendant Samantha Garbers-Adams's Objections and Responses to Plaintiff's First Set of Interrogatories to Defendant Samantha Garbers-Adams Related to Personal Jurisdiction** on:

Stephen P. Bedell                        Stephen J. Senderowitz
Foley & Lardner LLP                    Winston & Strawn LLP
321 North Clark Street, Suite 2800      35 West Wacker Drive
Chicago, IL 60654                     Chicago, IL 60601

the address designated by said attorneys for that purpose via **Federal Express** directed to said attorneys at the above address(es).

*Arlene Mocko*

Sworn to before me on
April 26, 2010

Notary Public
**HARVEY S. PAPUSH**
**Notary Public, State of New York**
**No. 01PA4924872**
**Qualified in New York County**
**Commission Expires April 14, 2012**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| FCSTONE, LLC, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.  1:10-cv-00508 |
| | ) |
| SCOTT A. ADAMS, ROBERT W. WALFORD, | ) Judge Ronald A. Guzman |
| SAMANTHA GARBERS-ADAMS and LISA | ) |
| WALFORD | ) Magistrate Judge Maria Valdez |
| | ) |
| Defendants. | ) |

### DEFENDANT LISA WALFORD'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT LISA WALFORD RELATED TO PERSONAL JURISDICTION

Pursuant to Federal Rule of Civil Procedure 33, Defendant Lisa Walford by and through her attorneys, Mound Cotton Wollan & Greengrass and Levenfeld Pearlstein, LLC, responds to Plaintiff's First Set of Interrogatories to Defendant Lisa Walford Related to Personal Jurisdiction as follows:

Without waiving the protection of the work product doctrine, the attorney-client privilege, the marital communications privilege, or any other applicable privilege or doctrine, Defendant states that the responses set forth herein constitute the best information presently available to Defendant. Nonetheless, discovery and/or investigation of the facts is ongoing, and potentially relevant facts, information, and documents may be discovered in the future. Accordingly, Defendant reserves the right to revise, correct, or supplement these responses - and will do so as required - under applicable orders or rules as new and different information and/or documents are discovered or revealed, or as Defendant discovers that additional information

and/or documents may be relevant.   Moreover, these responses are subject to correction for inadvertent errors or omissions, if any such errors or omissions are later found to exist.

## GENERAL OBJECTIONS

1.      Defendant objects to the Interrogatories to the extent they are vague, ambiguous, overbroad, unduly burdensome, or otherwise lack sufficient precision or particularity to permit the formulation of a proper response.

2.      Defendant objects to the Interrogatories to the extent they call for the production of proprietary or other confidential information, materials, and/or documents.

3.      In providing these responses, Defendant does not in any way waive or intend to waive, but rather intends to preserve and is preserving the following:

(a)      All objections as to competency, relevancy, materiality, and admissibility;

(b)      All rights to object on any ground to the use of any of the responses herein and documents produced in response to the Interrogatories in any subsequent proceeding, including the trial of any other action;

(c)      All objections as to vagueness and ambiguity; and

(d)      All rights to object on any ground to any further discovery requests involving or relating to any of the Interrogatories.

4.      Defendant objects to the Interrogatories to the extent that they call for the disclosure of information or documents protected by the attorney-client privilege, work product doctrine, the marital communications privilege, accountant-client privilege, or any other privilege or rule of confidentiality.   Defendant further objects to the Interrogatories insofar as they seek information and/or documents related to mental impressions, legal conclusions, opinions, or theories of counsel for Defendant.   Defendant reserves the right to request the return

2

of any such protected document that may inadvertently be produced. Any such inadvertent production does not constitute a waiver of the privilege, doctrine, rule, or immunity.

5.      Defendant objects to the Interrogatories to the extent that they seek information and/or documents outside of Defendant's care, custody, or control. Defendant's responses herein are limited to information that is within its possession, custody, or control. Defendant further objects to the extent any request calls for legal conclusions and/or seeks information that may require expert testimony.

6.      Defendant objects the Interrogatories to the extent that they seek to expand the scope of, or impose obligations greater than those imposed by, the Federal Rules of Civil Procedure or the Local Rules of this Court. In addition, Defendant objects to each Interrogatory to the extent that it calls for information or documents that are irrelevant, and not reasonably calculated to lead to the discovery of material, necessary, and/or admissible evidence.

7.      Defendant objects to the Interrogatories to the extent that they seek information, documents, or materials to which Plaintiff has equal or greater access than Defendant, including, without limitation, matters of public record, and information, documents, and/or materials within Plaintiff's care, custody, or control.

8.      Defendant objects to the Interrogatories to the extent that they seek information, documents, or materials not concerning the factual issues regarding Defendants Lisa Walford's and Samantha Garbers-Adams's motion to dismiss for lack of jurisdiction.

9.      Defendant's objections and responses are based on information available at present and it reserves the right to supplement, amend, or correct its responses to the Interrogatories up to the close of discovery.

3

10.     With respect to any documents that Defendant may produce in response to any Interrogatory, Defendant does not waive, and specifically preserves, her right to object to the authenticity and/or admissibility of any such documents in any subsequent proceeding, including the trial of this or any other action.

11.     Defendant incorporates the foregoing general objections into each and every objection and/or individualized response contained herein and set forth below and into each and every amendment, supplement, or modification to these responses hereinafter provided to the specified Interrogatory propounded by Plaintiff. Defendant does not waive any general objection in response to any specific Interrogatory.

## DEFENDANT'S SPECIFIC OBJECTIONS AND RESPONSES TO PLAINTIFF'S INTERROGATORIES

### INTERROGATORY NO. 1

Identify each and every person with whom you consulted, and/or who provided assistance, advice, counsel or representation to you with respect to (a) negotiation or drafting of the Agreements or (b) your purported right, claim or entitlement to any portion of the Refunds, including but not limited to:

a. Tax preparers;

b. Accountants;

c. Your attorneys;

d. Scott A. Adams;

e. Samantha Garbers-Adams;

f. Robert Walford's attorneys;

g. Robert Walford; or

h. Any other family member.

## RESPONSE TO INTERROGATORY NO. 1

Defendant objects to this Interrogatory for the reasons set forth in the General Objections. Defendant further objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, to the extent it otherwise lacks sufficient precision or particularity to permit the formulation of a proper response, to the extent it seeks to impose obligations greater than those imposed by Judge Guzman, and to the extent it calls for information or documents that are irrelevant and unrelated to the issue of personal jurisdiction. Subject to and without waiving the foregoing objections, Defendant states that that she is not a party or signatory to the Agreements, and she did not participate in the negotiation of drafting of the Agreements. Defendant further states that she discussed her right to one-half of the Refunds, with the following individuals:

(i)     Tax preparers/Accountants
        John Fortuna
        Greenfield & Fortuna, LLP
        120 Broadway Suite 950
        New York, NY 10271

        Richard J. Goldman, CPA
        7830 Vista Palms Way
        Lake Worth, FL 33457

(ii)    Attorneys
        Mound Cotton Wollan & Greengrass
        Michael R. Koblenz, Esq., Sara F. Lieberman, Esq.
        One Battery Park Plaza
        New York, NY 10004

(iii)   Robert Walford.

## INTERROGATORY NO. 2

Identify each and every person with whom you consulted, and/or who provided assistance, advice, counsel or representation to you with respect to the preparation or drafting of the amended tax returns, including but not limited to:

a. Tax preparers;

b. Accountants;

c. Your attorneys;

d. Scott A. Adams;

e. Lisa Walford;

f. Scott Adams's attorneys;

g. Robert Walford; or

h. Any other family member.

## RESPONSE TO INTERROGATORY NO. 2

Defendant objects to this Interrogatory for the reasons set forth in the General Objections. Defendant further objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, to the extent it seeks to impose obligations greater than those imposed by Judge Guzman, and to the extent it calls for information or documents that are irrelevant and unrelated to the issue of personal jurisdiction.  Subject to and without waiving the foregoing objections, Defendant identifies:

> Tax preparers/Accountants
> John Fortuna
> Greenfield & Fortuna, LLP
> 120 Broadway Suite 950
> New York, NY 10271

## INTERROGATORY NO. 3

Identify any real or personal property that you own individually that Robert Walford owned individually or jointly and has transferred to you since March 11, 2009.

6

## RESPONSE TO INTERROGATORY NO. 3

Defendant objects to this Interrogatory for the reasons set forth in the General Objections. Defendant further objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, to the extent it seeks to impose obligations greater than those imposed by Judge Guzman, and to the extent it calls for information or documents that are irrelevant and unrelated to the issue of personal jurisdiction.

## INTERROGATORY NO. 4

When did you first see the final version of the Agreements which were signed by your husband?

## RESPONSE TO INTERROGATORY NO. 4

Defendant objects to this Interrogatory for the reasons set forth in the General Objections. Subject to and without waiving the foregoing objections, Defendant responds that she first saw the final version of the Agreements in or about December 2009.

## INTERROGATORY NO. 5

Identify the name of the attorney whom you first consulted in connection with your purported claim or right to a portion of the Refunds or the New York Action and the date on which you first consulted him or her?

## RESPONSE TO INTERROGATORY NO. 5

Defendant objects to this Interrogatory for the reasons set forth in the General Objections. Subject to and without waiving the foregoing objections, in or about December 2009 Defendant first contacted Platzer, Swergold, Karlin, Levine, Goldberg and Jaslow, LLP, who advised Defendant that they had a conflict of interest and referred the matter to Mound Cotton Wollan & Greengrass.

## INTERROGATORY NO. 6

Describe your role and involvement in the preparation of each of the amended tax returns.

## RESPONSE TO INTERROGATORY NO. 6

Defendant objects to this Interrogatory for the reasons set forth in the General Objections. Defendant further objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, to the extent it seeks to impose obligations greater than those imposed by Judge Guzman, and to the extent it calls for information or documents that are irrelevant and unrelated to the issue of personal jurisdiction. Subject to and without waiving the foregoing objections, Defendant responds that she consulted with her accountants.

## INTERROGATORY NO. 7

When did you first learn (a) that the Agreements provided for the filing of the amended tax returns, (b) that you were entitled to one-half of the Refunds, and (c) the anticipated amount of the Refunds?

## RESPONSE TO INTERROGATORY NO. 7

Defendant objects to this Interrogatory for the reasons set forth in the General Objections. Defendant further objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, to the extent it lacks sufficient precision or particularity to permit the formulation of a proper response, to the extent it seeks to impose obligations greater than those imposed by Judge Guzman, and to the extent it calls for information or documents that are irrelevant and unrelated to the issue of personal jurisdiction. Subject to and without waiving the foregoing objections, Defendant responds that she first saw the Agreements in or about December 2009; that she is and

was always entitled to one-half of the Refunds; and that she learned of the anticipated amount of the Refunds after the accountant prepared the amended tax returns.

## INTERROGATORY NO. 8

When and from whom did you first learn that FCStone believed or understood that you and Samantha Garbers-Adams were not entitled to any portion of the Refunds?

## RESPONSE TO INTERROGATORY NO. 8

Defendant objects to this Interrogatory for the reasons set forth in the General Objections. Defendant further objects to this Interrogatory on the ground that it is vague, overly broad, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, to the extent it seeks to impose obligations greater than those imposed by Judge Guzman, and to the extent it calls for information or documents that are irrelevant and unrelated to the issue of personal jurisdiction, and to the extent it lacks sufficient precision or particularity to permit the formulation of a proper response. Subject to and without waiving the foregoing objections, Defendant responds that she first learned that FCStone was claiming a right to the entirety of the Refunds in or about December 2009.

## INTERROGATORY NO. 9

When did you first discuss with your husband your purported right, claim or entitlement to one-half of the Refunds, and did he, at that time, agree that you are entitled to one-half of the Refunds?

## RESPONSE TO INTERROGATORY NO. 9

Defendant objects to this Interrogatory for the reasons set forth in the General Objections. Defendant further objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, to the extent it seeks information protected by the marital communications privilege and/or any other applicable privilege, to the extent it seeks to impose obligations greater than

those imposed by Judge Guzman, and to the extent it calls for information or documents that are irrelevant and unrelated to the issue of personal jurisdiction.

## INTERROGATORY NO. 10

When did you first discuss with your husband preparing or filing the amended tax returns?

## RESPONSE TO INTERROGATORY NO. 10

Defendant objects to this Interrogatory for the reasons set forth in the General Objections. Defendant further objects to this Interrogatory on the ground that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, to the extent it seeks information protected by the marital communications privilege and/or any other applicable privilege, to the extent it seeks to impose obligations greater than those imposed by Judge Guzman, and to the extent it calls for information or documents that are irrelevant and unrelated to the issue of personal jurisdiction.

## INTERROGATORY NO. 11

In preparing and filing each of the tax returns and amended tax returns and communicating with attorneys, accountants and tax preparers regarding these returns, was your husband acting on your behalf with your approval and/or authorization?  If the answer is in the negative with respect to any of the tax returns or amended tax returns, specify with respect to which tax returns or amended tax returns your husband was not acting on your behalf.

## RESPONSE TO INTERROGATORY NO. 11

Defendant objects to this Interrogatory for the reasons set forth in the General Objections. Defendant further objects to this Interrogatory on the ground that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, to the extent it seeks information protected by the attorney-client privilege, marital communications privilege, accountant-client privilege, and/or any other applicable privilege, to the extent it seeks to impose obligations greater than those imposed by Judge

10

Guzman, and to the extent it calls for information or documents that are irrelevant and unrelated to the issue of personal jurisdiction.

## INTERROGATORY NO. 12

Identify any person in Interrogatory 2 that was acting on your behalf with your approval and/or authorization in preparing and/or filing the amended tax returns.

## RESPONSE TO INTERROGATORY NO. 12

Defendant objects to this Interrogatory for the reasons set forth in the General Objections. Defendant further objects to this Interrogatory on the ground that it is vague, ambiguous, overly broad, not reasonably calculated to lead to the discovery of relevant or admissible evidence, and to the extent it lacks sufficient precision or particularity to permit the formulation of a proper response, to the extent it seeks to impose obligations greater than those imposed by Judge Guzman, and to the extent it calls for information or documents that are irrelevant and unrelated to the issue of personal jurisdiction.  Subject to and without waiving the foregoing objections, Defendant responds that she acted on her own behalf with the assistance of the following:

> John Fortuna
> Greenfield & Fortuna, LLP
> 120 Broadway Suite 950
> New York, NY 10271

## INTERROGATORY 13

Identify all instances, if any, in which you refused to sign, withheld your signature from, or instructed another person not to file your tax returns or amended tax returns, and explain why you did so.

## RESPONSE TO INTERROGATORY NO. 13

Defendant objects to this Interrogatory for the reasons set forth in the General Objections. Defendant further objects to this Interrogatory on the ground that it is vague, ambiguous, overly broad, not reasonably calculated to lead to the discovery of relevant or admissible evidence, and

to the extent it otherwise lacks sufficient precision or particularity to permit the formulation of a

proper response, to the extent it seeks to impose obligations greater than those imposed by Judge

Guzman, and to the extent it calls for information or documents that are irrelevant and unrelated

to the issue of personal jurisdiction.  Subject to and without waiving the foregoing objections,

Defendant responds that she did not refuse to sign her tax returns or amended tax returns, that

she did not withhold her signature from her tax returns or amended tax returns, and she did not

instruct another person not to file her tax returns or amended tax returns.

### INTERROGATORY 14

When were each of the amended tax returns first presented to you for your signature, who
presented them to you, and when did you actually sign the amended tax returns which were, in
fact, filed with the governmental authorities?

### RESPONSE TO INTERROGATORY NO. 14

Defendant objects to this Interrogatory for the reasons set forth in the General Objections.

Defendant further objects to this Interrogatory on the ground that it is vague, ambiguous, overly

broad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant or

admissible evidence, and to the extent it otherwise lacks sufficient precision or particularity to

permit the formulation of a proper response, to the extent it seeks to impose obligations greater

than those imposed by Judge Guzman, and to the extent it calls for information or documents

that are irrelevant and unrelated to the issue of personal jurisdiction.  Subject to and without

waiving the foregoing objections, Defendant responds that the amended tax returns were

presented to her for her signature by her accountants after months of preparation.

### INTERROGATORY 15

As of December 28, 2009, did you know that the amended tax returns had not been filed?
If so, had you agreed, prior to December 28, 2009, with your husband or tax preparers that they
should no [sic] be filed? If not, when did you first become aware that the amended tax returns
had not been filed as of December 28, 2009?

## RESPONSE TO INTERROGATORY NO. 15

Defendant objects to this Interrogatory for the reasons set forth in the General Objections.

Defendant further objects to this Interrogatory on the ground that it is vague, ambiguous, overly

broad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant or

admissible evidence, and to the extent it lacks sufficient precision or particularity to permit the

formulation of a proper response, to the extent it seeks to impose obligations greater than those

imposed by Judge Guzman, and to the extent it calls for information or documents that are

irrelevant and unrelated to the issue of personal jurisdiction.

## INTERROGATORY 16

Identify all of your contacts with, travel to, or business in the State of Illinois during the
Relevant Period.

## RESPONSE TO INTERROGATORY NO. 16

Defendant objects to this Interrogatory for the reasons set forth in the General Objections.

Subject to and without waiving the foregoing objections, Defendant responds that she has had no

contacts with, travel to, or business in the State of Illinois during the Relevant Period.

## INTERROGATORY 17

If you signed the amended tax returns prior to December 28, 2009, according to your
understanding, why were they not filed until March of 2010, and did you agree that the amended
tax returns should not be filed until March of 2010?

## RESPONSE TO INTERROGATORY NO. 17

Defendant further objects to this Interrogatory on the ground that it is vague, ambiguous,

overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant

or admissible evidence, and to the extent it otherwise lacks sufficient precision or particularity to

permit the formulation of a proper response, to the extent it seeks to impose obligations greater

than those imposed by Judge Guzman, and to the extent it calls for information or documents that are irrelevant and unrelated to the issue of personal jurisdiction.

## INTERROGATORY 18

Prior to December 28, 2009, did you instruct or authorize your husband or tax preparers to file the amended tax returns, and if so, when and whom did you instruct or authorize to do so?

## RESPONSE TO INTERROGATORY NO. 18

Defendant objects to this Interrogatory for the reasons set forth in the General Objections. Defendant further objects to this Interrogatory on the ground that it is vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant or admissible evidence, and to the extent it otherwise lacks sufficient precision or particularity to permit the formulation of a proper response, to the extent it seeks information protected by the attorney-client privilege, marital communications privilege, accountant-client privilege, and/or any other applicable privilege, to the extent it seeks to impose obligations greater than those imposed by Judge Guzman, and to the extent it calls for information or documents that are irrelevant and unrelated to the issue of personal jurisdiction.

Dated: April 26, 2010

MOUND COTTON WOLLAN & GREENGRASS

Michael R. Koblenz, Esq. (1673078)
Sara F. Lieberman, Esq. (4399655)
One Battery Park Plaza
New York, NY 10004
(212) 804-4200 (*telephone*)
(212) 344-8066 (*facsimile*)

14

LEVENFELD PEARLSTEIN, LLC
Kurt Stitcher, Esq. (ARDC # 6205369)
Amy Pines, Esq. (ARDC # 6280875)
2 North La Salle Street, Suite 1300
Chicago, IL 60602
(312) 346-8380 (*telephone*)
(312) 346-8434 (*facsimile*)

*Attorneys for Defendants Samantha Garbers-Adams
and Lisa Walford*

## **VERIFICATION**

I, Lisa Walford, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that I have read Defendant Lisa Walford's Objections and Responses to Plaintiff's First Set of Interrogatories to Defendant Lisa Walford Related to Personal Jurisdiction, and know the contents thereof, which are, upon information and belief, true and correct.

LISA WALFORD

Executed on 25 th
day of April 2010

16

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                        ) ss.
COUNTY OF NEW YORK   )

       Arlene Mocko, being duly sworn, deposes and says:

       Deponent is not a party to this action, is over the age of 18 years and resides in Kings County, New York.

       On April 26, 2010, deponent served the within **Defendant Lisa Walford's Objections and Responses to Plaintiff's First Set of Interrogatories to Defendant Lisa Walford Related to Personal Jurisdiction** on:

|  |  |
|---|---|
| Stephen P. Bedell | Stephen J. Senderowitz |
| Foley & Lardner LLP | Winston & Strawn LLP |
| 321 North Clark Street, Suite 2800 | 35 West Wacker Drive |
| Chicago, IL 60654 | Chicago, IL 60601 |

the address designated by said attorneys for that purpose via **Federal Express** directed to said attorneys at the above address(es).

*Arlene Mocko*

Sworn to before me on
April 26, 2010

Notary Public

**HARVEY S. PAPUSH**
Notary Public, State of New York
No. 01PA4924872
Qualified in New York County
Commission Expires April 14, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FCSTONE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | No: 10-cv-508 |
| | ) | |
| v. | ) | Hon. Ronald A. Guzman |
| | ) | |
| SCOTT A. ADAMS, ROBERT W. WALFORD, | ) | Magistrate Judge Maria Valdez |
| SAMANTHA GARBERS-ADAMS and | ) | |
| LISA WALFORD, | ) | |
| | ) | |
| Defendants. | ) | |

## ROBERT W. WALFORD'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT ROBERT W. WALFORD

Pursuant to Federal Rule of Civil Procedure 33, Defendant Robert W. Walford ("Walford"), by and through his undersigned attorneys, hereby submits his Objections and Responses to Plaintiff FCStone, LLC's ("Plaintiff") First Set of Interrogatories.   Walford reserves the right to enter additional objections and responses, and to supplement his responses as necessary.   The failure to object to any Interrogatory does not waive any general or specific objection or privilege.

### GENERAL OBJECTIONS

These General Objections are hereby incorporated into each specific response and objection hereinafter set forth, regardless of whether or not it is restated in a specific response or objection. No provision of information in response to the interrogatories shall be construed as an admission of the propriety of any of the interrogatories.   Walford reserves the right to amend these responses and objections. All responses will be subject to the objections contained herein.

1.     Discovery is continuing and, accordingly, the following responses are based only upon the investigation that Walford and defense counsel have been able to conduct to date.  It is anticipated that further discovery, independent investigation, and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the responses herein set forth.

2.     Walford objects to any discovery directed at information or documents protected by the attorney-client privilege, the attorney work-product doctrine, the marital communications privilege, and any other applicable privilege or immunity.

3.     Walford objects to Plaintiff's interrogatories to the extent that they attempt to alter the scope of discovery under the Federal Rules of Civil Procedure.

4.     Walford objects to Plaintiff's interrogatories to the extent that they are argumentative, prejudicial, improper, incorrect, vague, and/or ambiguous.

5.     Walford objects to Plaintiff's interrogatories to the extent they seek information which is not reasonably calculated to lead to the discovery of admissible evidence; which is unreasonably cumulative or duplicative, or obtainable from some other source that is more convenient, less burdensome, or less expensive; or which Plaintiff had ample opportunity to obtain from other sources.

6.     Walford objects to these interrogatories to the extent that they seek legal conclusions and/or would require Walford to reach a legal conclusion in order to prepare an answer.

CHI:2381983.3

7.     Walford objects to the factual characterizations in Plaintiff's interrogatories.  By responding to an interrogatory, Walford does not admit or accept Plaintiff's factual characterizations.

8.     Walford objects to the use of the words "any" and "all" in Plaintiff's interrogatories as being, in many instances, overbroad and too encompassing to permit literal compliance.

9.     The responses given herein by Walford in response to the interrogatories shall not be deemed to waive any claim or privilege or immunity Walford may have as to any response or document, or any question or right of objection as to competency, relevancy, materiality, or admissibility, or any objection Walford may have as to a demand for further response to these or other interrogatories and discovery requests.

10.     Nothing contained herein may be construed as an admission relative to the existence or non-existence of any document, and no response is an admission respecting the relevance or admissibility in evidence of any statement or characterization contained in any document, or contained in the interrogatory.

11.     Walford objects to the definition of the "Relevant Period" in Plaintiff's interrogatories as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

12.     Walford objects to the definition of the "Deficit Liability" in Plaintiff's interrogatories as vague and ambiguous, and objects to this definition to the extent it mischaracterizes the rights of the parties to the Forbearance Agreement and other related agreements.

-3-

13.     The production of documents and responses to interrogatories, when made, will be made without waiver of, or prejudice to, any objections herein made or hereafter made, and all such objections are hereby expressly reserved.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

For each and every Refund you have received since March 11, 2009, identify the following:

> a.     Amount of the Refund;
>
> b.     Source or payor of the Refund (*e.g.*, city, state or federal government);
>
> c.     Date on which the Refund was received;
>
> d.     The tax year for which the Refund was applied;
>
> e.     Whether the Refund was received by check or direct deposit;
>
> f.     If by check, the names on the "payee" line;
>
> g.     If by check, which individual(s) signed the endorsement line;
>
> h.     If by check, who physically deposited the check; and
>
> i.     The financial institution and type of account (checking, savings, brokerage, etc.) into which the Refund was deposited.

**RESPONSE:** Subject to and without waiver of objection, Walford responds that he and Lisa Walford have received two tax refunds since March 11, 2009. The first refund was received pursuant to the Walfords' 2008 joint New York state tax return. They received a check dated October 21, 2009 in the amount of $305,784.00. The "payee" line contained the names Robert Walford and Lisa Walford. The check was deposited into their joint checking account at JPMorgan Chase on October 23, 2009. The second refund was received pursuant to the Walfords' 2008 joint federal tax return. They received a check in the amount of $843,846.00 on or about November 13, 2009. The "payee" line contained the names Robert Walford and Lisa

-4-

Walford. The check was deposited into their joint checking account at JPMorgan Chase on November 13, 2009.

**INTERROGATORY NO. 2:**

Identify each and every amended tax return you have prepared and filed since March 11, 2009. In responding, please identify for each such amended tax return the following:

      a.     The anticipated amount of the Refund as calculated on the amended tax return, if not already received and referenced in response to Interrogatory 1;

      b.     Source or payor of the Refund (*e.g.*, city, state or federal government);

      c.     The tax year for which the amended tax return was prepared;

      d.     Name, address, and telephone number of any tax preparer that assisted with the preparation or filing of the amended tax return;

      e.     Date on which the amended tax return was filed;

      f.     Whether the amended tax return that generated the Refund was filed individually on your behalf or on behalf of you and Lisa Walford jointly;

      g.     Whether the expected Refund will be received by check or direct deposit;

      h.     The financial institution and type of account (checking, savings, brokerage, etc.) into which the Refund is expected to be deposited.

**RESPONSE:** Subject to and without waiver of objection, Walford states that he and Lisa Walford filed the following joint amended tax returns since March 11, 2009: 2005 New York state (anticipated refund: $734,586.00); 2005 federal (anticipated refund: $1,887,571.00); 2006 New York state (anticipated refund: $396,882.00); 2006 federal (anticipated refund: $872,115.00); 2007 New York state (anticipated refund: $242,178.00); 2007 federal (anticipated refund: $529,960.00). Each of these amended returns was filed on March 9, 2010. Assistance in preparing the amended returns was provided by John Fortuna of Greenfield & Fortuna, LLP, 120 Broadway Suite 950, New York, NY 10271, Tel: (212) 608-9100. Walford expects that he and Lisa Walford will receive their future refunds by check, and expects that they will deposit these

checks into their joint checking account at JPMorgan Chase.   Walford further states that

additional information concerning Interrogatory No. 2 is contained within the tax returns to be

produced in response to Request No. 1 of Plaintiff's First Set of Document Requests.

### INTERROGATORY NO. 3:

For each account identified in your Response to Interrogatories 1(i) and 2(h), identify the names
of the accountholder(s) and authorized signatories, the type of account (checking, savings, etc.),
and the date on which the account was opened and by whom.

**RESPONSE:** Subject to and without waiver of objection, Walford states the following

with respect to the account identified in response to Interrogatories 1(i) and 2(h): Robert A.

Walford and Lisa A. Walford hold a joint checking account at JPMorgan Chase, which was

opened on December 22, 1997.  They are the two authorized signatories to this account.

### INTERROGATORY NO. 4:

Identify each and every depository account for which you are or have been a signatory, whether
owned individually or jointly, during the Relevant Period. In responding, identify the name of
the joint owner(s) (if applicable), financial institution name, address, telephone number, account
number, date the account was established, balance as of January 25, 2010, and identify all others
who have signature authority.

**RESPONSE:** Walford objects to Interrogatory No. 4 as overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible

evidence to the extent it seeks financial information unrelated to any of Plaintiff's claims,

including to the extent it seeks information relating to depository accounts other than those

involved in depositing tax refunds relevant to this case, and to the extent it prematurely seeks

information relevant to post-judgment asset discovery.   Subject to and without waiver of

objection, Walford states that he has a joint checking account with Lisa Walford at JPMorgan

Chase, and that further information relating to that account is contained in documents to be

produced in response to Requests No. 3 and 4 of Plaintiff's First Set of Document Requests.

**INTERROGATORY NO. 5:**

To the extent not identified in your response to Interrogatory No. 4, identify each and every securities account (money market, mutual fund, trading account, etc.) you own or owned individually or jointly during the Relevant Period. In responding, identify the name of the joint owner(s) (if applicable), name of the financial institution and broker, address, telephone number, date the account was established, and cash balances, position balances and net liquidating equity as of January 25, 2010.

**RESPONSE:** Walford objects to Interrogatory No. 5 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence to the extent it seeks financial information unrelated to any of Plaintiff's claims, including to the extent it seeks information relating to securities accounts other than those relevant to this case, and to the extent it prematurely seeks information relevant to post-judgment asset discovery. Without waiver of objection, Walford states that he has held trading accounts at FCStone and Triland USA during the Relevant Period. Walford further states that information responsive to Interrogatory No. 5 can be derived or ascertained from documents to be produced by Walford in response to Request No. 5 of Plaintiff's First Set of Document Requests.

**INTERROGATORY NO. 6:**

For each and every tax refund you have received during the Relevant Period, excluding the Refunds identified in your response to Interrogatory 1, identify the following:

      a.     Amount of the refund;

      b.     Source or payor of the refund (*e.g.*, city, state or federal government);

      c.     Date on which the refund was received;

      d.     The tax year for which the refund was applied;

      e.     Whether the tax return that generated the refund was filed individually on your behalf or on behalf of you and Lisa Walford jointly;

      f.     Name, address, and telephone number of your tax preparer;

      g.     Account into which the refund was deposited;

CHI:2381983.3

h.     If the account is not listed in your responses to any of the above Interrogatories, identify the name of the joint owner(s) (if applicable), financial institution name, address, telephone number, account number, date the account was established, and identify all others who were authorized account signatories.

**RESPONSE:** Walford objects to Interrogatory No. 6 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence to the extent it seeks financial information unrelated to any of Plaintiff's claims, including to the extent it seeks information relating to tax refunds outside the scope of the Agreements between Walford and FCStone, and to the extent it prematurely seeks information relevant to post-judgment asset discovery. Without waiver of objection, Walford states that information regarding refunds received prior to March 11, 2009 can be derived or ascertained from documents to be produced by Walford in response to Request No. 1 of Plaintiff's First Set of Document Requests.

### INTERROGATORY NO. 7:

Identify all sources of income for you and Lisa Walford throughout the Relevant Period. In responding, identify the following:

a.     Year income received;

b.     Gross income received as reflected on line 22 of Form 1040;

c.     Source of income (e.g., employer or payor);

d.     Account into which the income was deposited.

**RESPONSE:** Walford objects to Interrogatory No. 7 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence to the extent it seeks financial information unrelated to any of Plaintiff's claims, including the extent to which it seeks income information unrelated to potential tax refunds contemplated by the Agreements, and to the extent it prematurely seeks information relevant to post-judgment asset discovery. Without waiver of objection, Walford states that the sources and

-8-

amounts of all income earned by he and Lisa Walford since 2005 are set forth on the joint tax returns to be produced in response to Request No. 1 of Plaintiff's First Set of Document Requests.

### INTERROGATORY NO. 8:

Did you or Lisa Walford pay any amount of any Refund to FCStone between (a) March 11, 2009 and January 26, 2010, or (b) March 11, 2009 and the date upon which these Interrogatories were served upon you or your counsel?

**RESPONSE:** Subject to and without waiver of objection, Walford responds that neither he nor Lisa Walford paid any amount of any refund to FCStone between (a) March 11, 2009 and January 26, 2010, or (b) March 11, 2009 and the date upon which these interrogatories were served upon him or his counsel.

### INTERROGATORY NO. 9:

Do you agree that Lisa Walford is entitled to one-half of the Refunds? If so, identify each and every fact that supports your position that Lisa Walford is entitled to half of the Refunds.

**RESPONSE:** Walford objects to Interrogatory No. 9 to the extent it calls for a legal conclusion in order to prepare an answer, and to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Subject to and without waiver of objection, Walford responds that he agrees Lisa Walford is entitled to one half of the Refunds.

### INTERROGATORY NO. 10:

Identify each and every person with whom you consulted, and/or who provided you assistance, advice, counsel or representation with respect to negotiation or drafting of the Agreements, including but not limited to:

        a.      Tax preparers;

        b.      Accountants;

        c.      Your attorneys;

-9-

    d.      Lisa Walford's attorneys;

    e.      Lisa Walford; or

    f.      Any other family member.

**RESPONSE:** Subject to and without waiver of objection, Walford states that he received the assistance of the following individuals in connection with negotiating or drafting the Agreements:

| | |
|---|---|
| Tax preparers/Accountants: | John Fortuna<br>Greenfield & Fortuna, LLP<br>120 Broadway Suite 950<br>New York, NY 10271 |
| | Richard J. Goldman, CPA<br>7830 Vista Palms Way<br>Lake Worth, FL 33457 |
| Attorneys: | Platzer, Swergold, Karlin, Levine, Goldberg and Jaslow (certain of its partners and associates)<br>1065 Avenue of the Americas, 18th Floor<br>New York, NY 10018 |

## INTERROGATORY NO. 11:

Identify whether you own the following real or personal property:

    a.      Your primary residence;

    b.      Any vacation residence (if so, identify the address of this residence);

    c.      Any timeshare;

    d.      Any vehicle titled and insured at your permanent address;

    e.      Any boat or recreational vehicle;

    f.      Any club memberships (country club, yacht club, golf club, private club, etc.); and

    g.      Any other personal or real property with a value of more than $50,000.

**RESPONSE:** Walford objects to Interrogatory No. 11 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence to the extent it seeks financial information unrelated to any of Plaintiff's claims, and to the extent it prematurely seeks information relevant to post-judgment asset discovery.

### INTERROGATORY NO. 12:

For the property identified by you in the previous Interrogatory, identify whether you own it (a) individually or jointly, and (b) if owned jointly, whether (i) you own it in joint tenancy, in tenancy by the entirety, or in tenancy in common, and (ii) if the property was not owned jointly from the date of purchase, the date on which it was transferred into joint tenancy, tenancy by the entirety, or tenancy in common.

**RESPONSE:** Walford objects to Interrogatory No. 12 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence to the extent it seeks financial information unrelated to any of Plaintiff's claims, and to the extent it prematurely seeks information relevant to post-judgment asset discovery.

### INTERROGATORY NO. 13:

Identify any real or personal property that you owned individually or jointly that has been transferred to any other person, including without limitation Lisa Walford, since March 11, 2009.

**RESPONSE:** Walford objects to Interrogatory No. 13 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence to the extent it seeks financial information unrelated to any of Plaintiff's claims, and to the extent it prematurely seeks information relevant to post-judgment asset discovery.

### INTERROGATORY NO. 14:

When did you first become aware that Lisa Walford was consulting an attorney in connection with her claim to a portion of the Refunds?

**RESPONSE:** Walford objects to Interrogatory No. 14 to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the marital communications privilege.

### INTERROGATORY NO. 15:

When did you first inform Lisa Walford that you incurred the Deficit Liability?

**RESPONSE:** Walford objects to Interrogatory No. 15 because it is vague and ambiguous. Walford further objects to Interrogatory No. 15 to the extent it seeks information protected from disclosure by the marital communications privilege.

### INTERROGATORY NO. 16:

Are you and your wife currently co-habiting? If not, identify the date when you were married, how long you have been living apart, the addresses at which each of you have been residing and the length of time there, whether you have instituted any formal separation or dissolution proceedings and, if so, the case name, number and court in which those proceedings were filed.

**RESPONSE:** Subject to and without waiver of objection, Walford states that he and his wife are currently co-habiting.

### INTERROGATORY NO. 17:

Identify and describe all persons known to you to have material knowledge, information or documents relating to the Agreements, the Refunds, the New York Litigation, or the Illinois Litigation, including, but not limited to:

      a.      Tax preparers;

      b.      Consultants;

      c.      Clearing firm personnel;

      d.      Lenders;

      e.      Your attorneys;

      f.      Lisa Walford's attorneys;

g. All persons who prepared, assisted, and/or contributed to any of your responses to any discovery propounded upon you in the Illinois Litigation or the New York Litigation.

**RESPONSE:** Subject to and without waiver of objection, Walford states that individuals with relevant knowledge, information or documents are listed in his response to Interrogatory No. 10. Walford further identifies the following individual as having relevant knowledge, information or documents:

>Richard A. Malm, Esq.
>Dickinson, Mackaman, Tyler & Hagen, P.C.
>699 Walnut Street, Suite 1600
>Des Moines, IA 50309
>Tel: (515) 244-2600

## INTERROGATORY NO. 18:

For each witness (expert or fact) that Defendant expects to call to testify on his behalf in this proceeding, either by deposition or in person, or with whom any Defendant has consulted or expects to consult in connection with this proceeding, state the name, address, and telephone number of each such witness, and the subject matter on which the witness is expected to testify.

**RESPONSE:** Walford objects to Interrogatory No. 18 as premature. Discovery recently commenced in this matter, and Walford's investigation is continuing.

Dated: April 5, 2010

Respectfully submitted,

By:   /s/ William E. Walsh

Stephen J. Senderowitz (ssenderowitz@winston.com)
William E. Walsh (wwalsh@winston.com)
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600

*Attorneys for Scott A. Adams*
*and Robert W. Walford*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on **April 5, 2010**, I caused a copy of the foregoing **Robert W. Walford's Objections and Responses to Plaintiff's First Set of Interrogatories to Defendant Robert W. Walford** to be served via electronic filing on the parties below:

Stephen P. Bedell
Dean M. Jeske
Katherine E. Licup
Thomas R. Mikrut
Foley & Lardner LLP
321 North Clark Street
Suite 2800
Chicago, IL 60654
(312) 832-4500

Kurt Stitcher
Levenfeld Pearlstein, LLC
2 North LaSalle Street
Suite 1300
Chicago, IL 60602
(312) 476-7597

Michael R. Koblenz
Sara F. Lieberman
Mound Cotton Wollan & Greengrass
24 Whitehall Street
New York, NY 10004
(212) 804-4247

   /s/ William E. Walsh   

CHI:2381983.3

## VERIFICATION

I, Robert W. Walford, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that I have read Robert W. Walford's Objections and Responses to Plaintiff's First Set of Interrogatories to Defendant Robert W. Walford and that the statements contained therein are true and correct to the best of my knowledge, information, and belief.

_____
Robert W. Walford

Executed this ____ day of
April, 2010

-15-

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FCSTONE, LLC, ) | |
| ) | |
| Plaintiff, ) | No: 10-cv-508 |
| ) | |
| v. ) | Hon. Ronald A. Guzman |
| ) | |
| SCOTT A. ADAMS, ROBERT W. WALFORD, ) | Magistrate Judge Maria Valdez |
| SAMANTHA GARBERS-ADAMS and ) | |
| LISA WALFORD, ) | |
| ) | |
| Defendants. ) | |

## SCOTT A. ADAMS'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT SCOTT A. ADAMS

Pursuant to Federal Rule of Civil Procedure 33, Defendant Scott A. Adams ("Adams"), by and through his undersigned attorneys, hereby submits his Objections and Responses to Plaintiff FCStone, LLC's ("Plaintiff") First Set of Interrogatories. Adams reserves the right to enter additional objections and responses, and to supplement his responses as necessary. The failure to object to any Interrogatory does not waive any general or specific objection or privilege.

### GENERAL OBJECTIONS

These General Objections are hereby incorporated into each specific response and objection hereinafter set forth, regardless of whether or not it is restated in a specific response or objection. No provision of information in response to the interrogatories shall be construed as an admission of the propriety of any of the interrogatories. Adams reserves the right to amend these responses and objections. All responses will be subject to the objections contained herein.

1.      Discovery is continuing and, accordingly, the following responses are based only upon the investigation that Adams and defense counsel have been able to conduct to date.  It is anticipated that further discovery, independent investigation, and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the responses herein set forth.

2.      Adams objects to any discovery directed at information or documents protected by the attorney-client privilege, the attorney work-product doctrine, the marital communications privilege, and any other applicable privilege or immunity.

3.      Adams objects to Plaintiff's interrogatories to the extent that they attempt to alter the scope of discovery under the Federal Rules of Civil Procedure.

4.      Adams objects to Plaintiff's interrogatories to the extent that they are argumentative, prejudicial, improper, incorrect, vague, and/or ambiguous.

5.      Adams objects to Plaintiff's interrogatories to the extent they seek information which is not reasonably calculated to lead to the discovery of admissible evidence; which is unreasonably cumulative or duplicative, or obtainable from some other source that is more convenient, less burdensome, or less expensive; or which Plaintiff had ample opportunity to obtain from other sources.

6.      Adams objects to these interrogatories to the extent that they seek legal conclusions and/or would require Adams to reach a legal conclusion in order to prepare an answer.

CHI:2381980.3

7.      Adams objects to the factual characterizations in Plaintiff's interrogatories. By responding to an interrogatory, Adams does not admit or accept Plaintiff's factual characterizations.

8.      Adams objects to the use of the words "any" and "all" in Plaintiff's interrogatories as being, in many instances, overbroad and too encompassing to permit literal compliance.

9.      The responses given herein by Adams in response to the interrogatories shall not be deemed to waive any claim or privilege or immunity Adams may have as to any response or document, or any question or right of objection as to competency, relevancy, materiality, or admissibility, or any objection Adams may have as to a demand for further response to these or other interrogatories and discovery requests.

10.      Nothing contained herein may be construed as an admission relative to the existence or non-existence of any document, and no response is an admission respecting the relevance or admissibility in evidence of any statement or characterization contained in any document, or contained in the interrogatory.

11.      Adams objects to the definition of the "Relevant Period" in Plaintiff's interrogatories as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

12.      Adams objects to the definition of the "Deficit Liability" in Plaintiff's interrogatories as vague and ambiguous, and objects to this definition to the extent it mischaracterizes the rights of the parties to the Forbearance Agreement and other related agreements.

-3-

13.   The production of documents and responses to interrogatories, when made, will be made without waiver of, or prejudice to, any objections herein made or hereafter made, and all such objections are hereby expressly reserved.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

For each and every Refund you have received since March 11, 2009, identify the following:

   a.   Amount of the Refund;

   b.   Source or payor of the Refund (*e.g.*, city, state or federal government);

   c.   Date on which the Refund was received;

   d.   The tax year for which the Refund was applied;

   e.   Whether the Refund was received by check or direct deposit;

   f.   If by check, the names on the "payee" line;

   g.   If by check, which individual(s) signed the endorsement line;

   h.   If by check, who physically deposited the check; and

   i.   The financial institution and type of account (checking, savings, brokerage, etc.) into which the Refund was deposited.

**RESPONSE:** Subject to and without waiver of objection, Adams responds that he and Samantha Garbers-Adams have received one tax refund since March 11, 2009.  On or about March 29, 2010, they were sent a check in the amount of $1,290,236.00 reflecting a refund pursuant to their amended 2007 joint federal tax return.  The "payee" line contained the names Scott Adams and Samantha Adams.  The check was endorsed by Samantha Garbers-Adams, and was deposited in the couple's checking account at JPMorgan Chase.

### INTERROGATORY NO. 2:

Identify each and every amended tax return you have prepared and filed since March 11, 2009. In responding, please identify for each such amended tax return the following:

-4-

a.      The anticipated amount of the Refund as calculated on the amended tax return, if not already received and referenced in response to Interrogatory 1;

b.      Source or payor of the Refund (*e.g.*, city, state or federal government);

c.      The tax year for which the amended tax return was prepared;

d.      Name, address, and telephone number of any tax preparer that assisted with the preparation or filing of the amended tax return;

e.      Date on which the amended tax return was filed;

f.      Whether the amended tax return that generated the Refund was filed individually on your behalf or on behalf of you and Samantha Garbers-Adams jointly;

g.      Whether the expected Refund will be received by check or direct deposit;

h.      The financial institution and type of account (checking, savings, brokerage, etc.) into which the Refund is expected to be deposited.

**RESPONSE:** Subject to and without waiver of objection, Adams states that he and Samantha Garbers-Adams filed the following joint amended tax returns since March 11, 2009: 2005 New York state (anticipated refund: $587,522.00); 2005 federal (anticipated refund: $989,169.00); 2006 New York state (anticipated refund: $1,918,361.00); 2006 federal (anticipated refund: $3,726,041.00); 2007 New York state (anticipated refund: $675,658.00); 2007 federal (refund received, as referenced in response to Interrogatory No. 1: $1,290,236.00). Each of these amended returns was filed on March 4, 2010. Assistance in preparing the amended returns was provided by John Fortuna of Greenfield & Fortuna, LLP, 120 Broadway Suite 950, New York, NY 10271, Tel: (212) 608-9100. Adams expects that he and Garbers-Adams will receive their future refunds by check, and expects that they will deposit those checks into their joint checking account at JPMorgan Chase. Adams further states that additional information concerning Interrogatory No. 2 is contained within the tax returns to be produced in response to Request No. 1 of Plaintiff's First Set of Document Requests.

**INTERROGATORY NO. 3:**

-5-

For each account identified in your Response to Interrogatories 1(i) and 2(h), identify the names of the accountholder(s) and authorized signatories, the type of account (checking, savings, etc.), and the date on which the account was opened and by whom.

**RESPONSE:** Subject to and without waiver of objection, Adams states the following with respect to the account identified in response to Interrogatories 1(i) and 2(h): Scott Adams and Samantha Garbers-Adams hold a joint checking account at JPMorgan Chase, which was opened on September 15, 1997. They are the two authorized signatories to this account.

**RESPONSE:**

**INTERROGATORY NO. 4:**

Identify each and every depository account for which you are or have been a signatory, whether owned individually or jointly, during the Relevant Period. In responding, identify the name of the joint owner(s) (if applicable), financial institution name, address, telephone number, account number, date the account was established, balance as of January 25, 2010, and identify all others who have signature authority.

**RESPONSE:** Adams objects to Interrogatory No. 4 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence to the extent it seeks financial information unrelated to any of Plaintiff's claims, including to the extent it seeks information relating to depository accounts other than those involved in depositing tax refunds relevant to this case, and to the extent it prematurely seeks information relevant to post-judgment asset discovery. Subject to and without waiver of objection, Adams states that he has a joint checking account with Samantha Garbers-Adams at JPMorgan Chase, and that further information relating to that account is contained in documents to be produced in response to Requests No. 3 and 4 of Plaintiff's First Set of Document Requests.

**INTERROGATORY NO. 5:**

To the extent not identified in your response to Interrogatory No. 4, identify each and every securities account (money market, mutual fund, trading account, etc.) you own or owned

individually or jointly during the Relevant Period.  In responding, identify the name of the joint owner(s) (if applicable), name of the financial institution and broker, address, telephone number, date the account was established, and cash balances, position balances and net liquidating equity as of January 25, 2010.

**RESPONSE:** Adams objects to Interrogatory No. 5 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence to the extent it seeks financial information unrelated to any of Plaintiff's claims, including to the extent it seeks information relating to securities accounts other than those relevant to this case, and to the extent it prematurely seeks information relevant to post-judgment asset discovery.  Without waiver of objection, Adams states that he has held trading accounts at FCStone and Triland USA during the Relevant Period.  Adams further states that information responsive to Interrogatory No. 5 can be derived or ascertained from documents to be produced by Adams in response to Request No. 5 of Plaintiff's First Set of Document Requests.

### INTERROGATORY NO. 6:

For each and every tax refund you have received during the Relevant Period, excluding the Refunds identified in your response to Interrogatory 1, identify the following:

      a.      Amount of the refund;

      b.      Source or payor of the refund (*e.g.*, city, state or federal government);

      c.      Date on which the refund was received;

      d.      The tax year for which the refund was applied;

      e.      Whether the tax return that generated the refund was filed individually on your behalf or on behalf of you and Samantha Garbers-Adams jointly;

      f.      Name, address, and telephone number of your tax preparer;

      g.      Account into which the refund was deposited;

      h.      If the account is not listed in your responses to any of the above Interrogatories, identify the name of the joint owner(s) (if applicable), financial institution name, address, telephone number, account number, date the account was established, and identify all others who were authorized account signatories.

-7-

**RESPONSE:** Adams objects to Interrogatory No. 6 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence to the extent it seeks financial information unrelated to any of Plaintiff's claims, including to the extent it seeks information relating to tax refunds outside the scope of the Agreements between Adams and FCStone, and to the extent it prematurely seeks information relevant to post-judgment asset discovery. Without waiver of objection, Adams states that information regarding refunds received prior to March 11, 2009 can be derived or ascertained from documents to be produced by Adams in response to Request No. 1 of Plaintiff's First Set of Document Requests.

### INTERROGATORY NO. 7:

Identify all sources of income for you and Samantha Garbers-Adams throughout the Relevant Period. In responding, identify the following:

        a.        Year income received;

        b.        Gross income received as reflected on line 22 of Form 1040;

        c.        Source of income (e.g., employer or payor);

        d.        Account into which the income was deposited.

**RESPONSE:** Adams objects to Interrogatory No. 7 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence to the extent it seeks financial information unrelated to any of Plaintiff's claims, including the extent to which it seeks income information unrelated to potential tax refunds contemplated by the Agreements, and to the extent it prematurely seeks information relevant to post-judgment asset discovery. Without waiver of objection, Adams states that the sources and amounts of all income earned by he and Samantha Garbers-Adams since 2005 are set forth on

the joint tax returns to be produced in response to Request No. 1 of Plaintiff's First Set of Document Requests.

### INTERROGATORY NO. 8:

Did you or Samantha Garbers-Adams pay any amount of any Refund to FCStone between (a) March 11, 2009 and January 26, 2010, or (b) March 11, 2009 and the date upon which these Interrogatories were served upon you or your counsel?

**RESPONSE:** Subject to and without waiver of objection, Adams responds that neither he nor Samantha Garber-Adams paid any amount of any refund to FCStone between (a) March 11, 2009 and January 26, 2010, or (b) March 11, 2009 and the date upon which these interrogatories were served upon him or his counsel.

### INTERROGATORY NO. 9:

Do you agree that Samantha Garbers-Adams is entitled to one-half of the Refunds? If so, identify each and every fact that supports your position that Samantha Garbers-Adams is entitled to half of the Refunds.

**RESPONSE:** Adams objects to Interrogatory No. 9 to the extent it calls for a legal conclusion in order to prepare an answer, and to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Subject to and without waiver of objection, Adams responds that he agrees Samantha Garbers-Adams is entitled to one half of the Refunds.

### INTERROGATORY NO. 10:

Identify each and every person with whom you consulted, and/or who provided you assistance, advice, counsel or representation with respect to negotiation or drafting of the Agreements, including but not limited to:

        a.      Tax preparers;

        b.      Accountants;

        c.      Your attorneys;

    d.     Samantha Garbers-Adams' attorneys;

    e.     Samantha Garbers-Adams; or

    f.     Any other family member.

**RESPONSE:** Subject to and without waiver of objection, Adams states that he received the assistance of the following individuals in connection with negotiating or drafting the Agreements:

| Tax preparers/Accountants: | John Fortuna<br>Greenfield & Fortuna, LLP<br>120 Broadway Suite 950<br>New York, NY 10271 |
|---|---|
| Attorneys: | Platzer, Swergold, Karlin, Levine, Goldberg and Jaslow (certain of its partners and associates)<br>1065 Avenue of the Americas, 18th Floor<br>New York, NY 10018 |

**INTERROGATORY NO. 11:**

Identify whether you own the following real or personal property:

    a.     Your primary residence;

    b.     Any vacation residence (if so, identify the address of this residence);

    c.     Any timeshare;

    d.     Any vehicle titled and insured at your permanent address;

    e.     Any boat or recreational vehicle;

    f.     Any club memberships (country club, yacht club, golf club, private club, etc.); and

    g.     Any other personal or real property with a value of more than $50,000.

**RESPONSE:** Adams objects to Interrogatory No. 11 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible

evidence to the extent it seeks financial information unrelated to any of Plaintiff's claims, and to

the extent it prematurely seeks information relevant to post-judgment asset discovery.

### INTERROGATORY NO. 12:

For the property identified by you in the previous Interrogatory, identify whether you own it (a) individually or jointly, and (b) if owned jointly, whether (i) you own it in joint tenancy, in tenancy by the entirety, or in tenancy in common, and (ii) if the property was not owned jointly from the date of purchase, the date on which it was transferred into joint tenancy, tenancy by the entirety, or tenancy in common.

**RESPONSE:** Adams objects to Interrogatory No. 12 as overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible

evidence to the extent it seeks financial information unrelated to any of Plaintiff's claims, and to

the extent it prematurely seeks information relevant to post-judgment asset discovery.

### INTERROGATORY NO. 13:

Identify any real or personal property that you owned individually or jointly that has been transferred to any other person, including without limitation Samantha Garbers-Adams, since March 11, 2009.

**RESPONSE:** Adams objects to Interrogatory No. 13 as overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible

evidence to the extent it seeks financial information unrelated to any of Plaintiff's claims, and to

the extent it prematurely seeks information relevant to post-judgment asset discovery.

### INTERROGATORY NO. 14:

When did you first become aware that Samantha Garbers-Adams was consulting an attorney in connection with her claim to a portion of the Refunds?

**RESPONSE:** Adams objects to Interrogatory No. 14 to the extent it seeks information

protected from disclosure by the attorney-client privilege and/or the marital communications

privilege.

### INTERROGATORY NO. 15:

-11-

When did you first inform Samantha Garbers-Adams that you incurred the Deficit Liability?

**RESPONSE:**  Adams objects to Interrogatory No. 15 because it is vague and ambiguous.

Adams further objects to Interrogatory No. 15 to the extent it seeks information protected from

disclosure by the marital communications privilege.

### INTERROGATORY NO. 16:

Are you and your wife currently co-habiting? If not, identify the date when you were married, how long you have been living apart, the addresses at which each of you have been residing and the length of time there, whether you have instituted any formal separation or dissolution proceedings and, if so, the case name, number and court in which those proceedings were filed.

**RESPONSE:**  Subject to and without waiver of objection, Adams states that he and his

wife are currently co-habiting.

### INTERROGATORY NO. 17:

Identify and describe all persons known to you to have material knowledge, information or documents relating to the Agreements, the Refunds, the New York Litigation, or the Illinois Litigation, including, but not limited to:

> a.    Tax preparers;
>
> b.    Consultants;
>
> c.    Clearing firm personnel;
>
> d.    Lenders;
>
> e.    Your attorneys;
>
> f.    Samantha Garbers-Adams' attorneys;
>
> g.    All persons who prepared, assisted, and/or contributed to any of your responses to any discovery propounded upon you in the Illinois Litigation or the New York Litigation.

**RESPONSE:**  Subject to and without waiver of objection, Adams states that individuals

with relevant knowledge, information or documents are listed in his response to Interrogatory

-12-

No. 10.   Adams further identifies the following individual as having relevant knowledge, information or documents:

> Richard A. Malm, Esq.
> Dickinson, Mackaman, Tyler & Hagen, P.C.
> 699 Walnut Street, Suite 1600
> Des Moines, IA 50309
> Tel: (515) 244-2600

## INTERROGATORY NO. 18:

For each witness (expert or fact) that Defendant expects to call to testify on his behalf in this proceeding, either by deposition or in person, or with whom any Defendant has consulted or expects to consult in connection with this proceeding, state the name, address, and telephone number of each such witness, and the subject matter on which the witness is expected to testify.

**RESPONSE:**   Adams objects to Interrogatory No. 18 as premature.  Discovery recently commenced in this matter, and Adams's investigation is continuing.


Dated: April 5, 2010                    Respectfully submitted,

                                        By:___/s/ William E. Walsh___

                                        Stephen J. Senderowitz (ssenderowitz@winston.com)
                                        William E. Walsh (wwalsh@winston.com)
                                        Winston & Strawn LLP
                                        35 West Wacker Drive
                                        Chicago, Illinois 60601
                                        (312) 558-5600

                                        *Attorneys for Scott A. Adams*
                                        *and Robert W. Walford*

-13-

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on **April 5, 2010**, I caused a copy of the foregoing **Scott A. Adams's Objections and Responses to Plaintiff's First Set of Interrogatories to Defendant Scott A. Adams** to be served via electronic filing on the parties below:

Stephen P. Bedell
Dean M. Jeske
Katherine E. Licup
Thomas R. Mikrut
Foley & Lardner LLP
321 North Clark Street
Suite 2800
Chicago, IL 60654
(312) 832-4500

Kurt Stitcher
Levenfeld Pearlstein, LLC
2 North LaSalle Street
Suite 1300
Chicago, IL 60602
(312) 476-7597

Michael R. Koblenz
Sara F. Lieberman
Mound Cotton Wollan & Greengrass
24 Whitehall Street
New York, NY 10004
(212) 804-4247

_____/s/ William E. Walsh_____

-14-

## **VERIFICATION**

I, Scott A. Adams, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that I have read Scott A. Adams's Objections and Responses to Plaintiff's First Set of Interrogatories to Defendant Scott A Adams and that the statements contained therein are true and correct to the best of my knowledge, information, and belief.

Scott A. Adams

Executed this 05 day of
April, 2010

CHI:2381980.3

-15-