UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SAMANTHA GARBERS-ADAMS and LISA
WALFORD,

                          Plaintiffs                  10 CV 726 (RPP)

        -against-

                                                      **OPINION AND ORDER**

SCOTT A. ADAMS, ROBERT W. WALFORD
and FCStone, LLC.

                          Defendants.
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

        On April 1, 2010, Plaintiffs Samantha Garbers-Adams and Lisa Walford ("Plaintiffs" or the "Wives") filed a motion to remand this action to state court alleging, *inter alia*, that Defendant FCStone, LLC ("FCStone") removed this action to this Court improperly because complete diversity of citizenship as required under 28 U.S.C § 1332 is lacking.  On April 2, 2010, FCStone filed a motion to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue or alternatively pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  In the alternative, FCStone moves to transfer venue to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1404(a).

        On April 23, 2010, FCStone filed its opposition papers to Plaintiffs' motion to remand, and on May 3, 2010, Plaintiffs filed their reply papers.[1]  On May 27, 2010, the Court heard arguments from the parties on Plaintiffs' motion to remand and FCStone's motion to dismiss or transfer.  For the reasons discussed below, Plaintiffs' motion to remand is granted.

---

[1] Similarly, on April 23, 2010, Plaintiffs filed their opposition papers to FCStone's motion to dismiss or transfer, and on May 3, 2010, FCStone filed its reply papers.

I. **Factual and Procedural Background**

This action arises out of a conflict between the Defendants Scott Adams and Robert Walford (the "Husbands") and FCStone, a futures commission merchant. On March 11, 2009, the Husbands settled a dispute with FCStone for a $127,000,000 deficit the Husbands had accumulated through their trading account maintained by FCStone. (Declaratory Judgment Complaint dated December 28, 2009 ("Compl.") ¶¶ 8-10.) The settlement agreement signed by each of the Husbands incorporated (1) a Forbearance Agreement; (2) a Promissory Note in the amount of $127 million; and (3) an Assignment of Income Tax Refunds. (Id. ¶¶ 9, 13-22.) The assignment applied to all of the assignor's interest in tax refunds resulting from the Husbands' anticipated filing of amended tax returns for tax years 2005 through 2009.[2] Plaintiffs were not named parties or signatories to the Husbands' trading accounts or to the settlement agreement entered into by the Husbands and FCStone. (Id. ¶¶ 28-31.)

Plaintiffs commenced this action against the Husbands and FCStone on December 28, 2009 in the Supreme Court of the State of New York, New York County (Case No. 118152/09), seeking a declaratory judgment ruling that the Wives are entitled to a one-half share of any joint tax refunds received by them and the Husbands and that FCStone's interest in any joint tax refunds for tax years 2005-2009 applies only to each of the Husbands' one-half share. (Id. ¶¶ 39-40, 47-48.) On January 25, 2010, FCStone commenced a separate action against the Husbands and the Wives in the Northern District of Illinois, Eastern Division (Case No. 10-cv-508) (the "Illinois Action"), alleging claims for breach of contract, declaratory judgment, and rescission of the settlement agreement. On January 29, 2010, FCStone removed this action to the Southern District of New York claiming diversity of citizenship pursuant to 28 U.S.C §§ 1332 & 1441.

---

[2]   FCStone asserts that together the Husbands' joint tax returns will provide a refund of more than $15 million. (See Defendant FCStone's Memorandum of Law in Opposition to Plaintiffs' Motion to Remand ("FCStone Mem.") at 3.)

FCStone argues that diversity of citizenship "exists, and existed" between the parties at the time the complaint was filed because there is "no collision of interest between the Wives on the one hand and the Husbands on the other," all of whom are citizens of New York State, while FCStone is not. (FCStone Mem. at 7.) FCStone further argues that complete diversity would exist if the parties are properly aligned according to their "real interests" and the Husbands are realigned as plaintiffs alongside the Wives. (Id.)

In their motion to remand, Plaintiffs argue that the Complaint they filed in New York State Court against their Husbands "clearly sets forth an actual controversy" so that FCStone's removal to this Court was improper due to lack of diversity of citizenship. (Memorandum of Law in Support of Plaintiffs' Motion to Remand ("Pl. Mem.") at 8.) Plaintiffs further argue that FCStone's notice of removal fails as a matter of law because each Defendant did not join in seeking removal and because FCStone did not assert the citizenship of each and every one of its members within the time allowed under 28 U.S.C. § 1446. (Id. at 9-11.) For the reasons that follow, this Court finds it lacks subject matter jurisdiction over this action because there was not complete diversity of citizenship at the time of removal. In light of the Court's decision, the Court need not reach Plaintiffs' additional arguments about technical defects in FCStone's notice of removal.

**II. Discussion**

28 U.S.C. § 1332(a) affords federal courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." Here, there is no question both the Husbands and the Wives are citizens of New York and FCStone is a citizen of Delaware and Missouri. (See FCStone's Amended Notice of Removal dated February 25, 2010 ¶¶ 4-7.) Therefore, if the parties are realigned with the

Husbands and the Wives on one side as plaintiffs and FCStone as the sole defendant, it is clear this Court will have diversity jurisdiction. On the other hand, if the parties are not realigned this Court will not have subject matter jurisdiction because of a lack of complete diversity of citizenship. The Court is mindful that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C § 1447(c).

In assessing the alignment of the parties, "[d]iversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who [are] defendants." City of Indianapolis v. Chase Nat'l Bank of N.Y., 314 U.S. 63, 69 (1941). Instead, federal courts ought to "look beyond the pleadings, and arrange the parties according to their sides in the dispute." Id. (quoting City of Dawson v. Columbia Ave. Sav. Fund, Safe Deposit, Title & Trust Co., 197 U.S. 178, 180 (1905)). An "actual, substantial controversy between citizens of different states" must exist. City of Indianapolis, 314 U.S. at 69 (internal citations omitted); see also Md. Cas. Co. v. W.R. Grace & Co., 23 F.3d 617, 623 (2d Cir. 1994) ("[h]ypothetical conflicts manufactured by skillful counsel must not control"). Any realignment of the parties is generally governed by the "collision of interests" test adopted by the Second Circuit in Maryland Casualty, which "require[s] the existence of an actual, substantial controversy, or a collision of interests." Maryland Casualty, 23 F.3d at 622. This approach allows the courts "to consider the multiple interests and issues involved in the litigation." Id.

In this instance, on the face of the Complaint, there exists an actual collision of interests between the Wives and the Husbands. The Wives, as joint tax filers during the refund years in question, have a real and substantial interest presently in any refunds of taxes paid in those years. The Husbands have a real and substantial financial interest in receiving the Wives' disputed one-half share of the anticipated joint tax refunds. The Wives are challenging the Husbands' claim to

4

that one-half share because they were not signatories to, nor made aware of, the settlement agreement or its terms.  If FCStone were to prevail on the merits in this action, the Husbands would be entitled to any tax refunds, which would in turn be applied (in whole or in part) towards paying down the Husbands' promissory notes – a tangible, concrete, financial benefit for the Husbands.  If the Wives were to prevail on the merits, the Husbands would not be entitled to all or a part of the disputed one-half share of tax refunds to apply towards their debt – a tangible, concrete financial detriment to the Husbands.

Plaintiffs maintain correctly that FCStone, as the party invoking diversity jurisdiction, has the burden of proving that complete diversity existed at the time of removal to this Court. (Pl. Mem. at 7.)  See Sherman v. A.J. Pegno Constr. Corp., 528 F. Supp. 2d 320, 325 (S.D.N.Y. 2007) ("the party invoking diversity jurisdiction must demonstrate that complete diversity among the parties existed at the time removal was sought to federal court").  The Second Circuit has held that a court should "evaluate jurisdictional facts . . . on the basis of the pleadings, viewed at the time when defendant files the notice of removal."  Blockbuster, Inc. v. Galeno, 472 F.3d 53, 56-57 (2d Cir. 2006).  In their motion, Plaintiffs argue that FCStone has not demonstrated that complete diversity of citizenship existed "when the action was commenced or when removal was sought."  (Pl. Mem. at 7.)  Moreover, Plaintiffs suggest that by removing this action improperly, FCStone is engaging in a "disingenuous game of forum-shopping."  (Id.)

In response, FCStone advances two arguments.  First, FCStone argues that there is no collision of interest in this action because, in responses to discovery requests in the Illinois Action, the Husbands admitted that they "believed" and "agreed" that their respective Wives are

"entitled to one-half of any [r]efunds." (FCStone Mem. at 8, 12.)[3] Indeed, counsel for the Husbands agreed with this statement at the May 27, 2010 oral argument by reiterating that "in circumstances where there has been a jointly filed federal income tax return and where there has been a refund, [the wife] is entitled to her proportionate share of the refund." (Transcript of May 27, 2010 Oral Argument ("Tr.") at 14.) In support of its contention that there is no collision of interests between the Wives and the Husbands, FCStone relies on City of Indianapolis, by arguing that "what the Wives want, their Husbands want, and FCStone does not want." (FCStone Mem. at 13.) See City of Indianapolis, 314 U.S. at 74 (finding that realignment was appropriate where Chase Bank and Indianapolis Gas were "partners in litigation" so that "[w]hat Chase wants Indianapolis Gas wants and the City does not want"). Although probative to the issue of realignment, the fact that the Wives and the Husbands agree in one respect is not dispositive of whether there exists a collision of interest between them in this case. See Syms, Inc. v. IBI Sec. Serv., Inc., 586 F. Supp. 53, 56 (S.D.N.Y. 1984) ("The fact that one defendant may benefit should plaintiff prevail against another defendant is not in and of itself sufficient to sustain realignment.") citing Irving Trust Co. v. Century Exp. & Imp., S.A., 464 F. Supp. 1232, 1241 (S.D.N.Y. 1979))). Furthermore while FCStone correctly notes that the Court may look to facts outside the four corners of the pleadings in evaluating the proper alignment of the parties, jurisdictional facts are evaluated at the time of removal. See Blockbuster, 472 F.3d at 56-57. Here, the Husbands' discovery responses were provided several months after removal by virtue

---

[3] The Husbands' objections and responses to FCStone's requests to admit and interrogatories in the Illinois Action on which FCStone relies are attached as Exhibits 5 and 6 to FCStone's Memorandum of Law in Opposition to Plaintiffs' Motion to Remand.

of FCStone having sued the Husbands and the Wives after the Wives commenced this action and after its removal.[4]

Moreover, the facts of City of Indianapolis, relied upon by FCStone, are distinguishable from this case. City of Indianapolis involved the realignment (as plaintiffs) of two corporations (Chase National Bank and Indianapolis Gas) that were financially and contractually bound by an outstanding bond, which Indianapolis Gas executed and Chase secured under a mortgage deed. City of Indianapolis, 314 U.S at 70-71. In this instance, the Wives are not bound to their Husbands by any contract in relation to the settlement agreement or the Husbands' previous business with FCStone, nor is there record of any agreement formal or informal aligning the financial interests of the Husbands and the Wives with respect to the funds that are the subject of this action. At most, Plaintiffs are married to their respective Husbands, which does not automatically bind the Wives to their Husbands' previous dealings with FCStone.

FCStone's second argument incorrectly follows from the reasoning above – that "there is no closer relationship under the law than husband and wife." (FCStone Mem. at 14.) FCStone argues that "the law is clear closely-related parties are bound under these circumstances." (Tr. at 36.) First, this argument is primarily relevant to the merits of this action (i.e. whether the Wives will ultimately be entitled to 50% of, or their proportionate interest in, the tax refunds) and FCStone's motion to transfer (i.e. whether the Wives are bound by the forum selection clause of the settlement agreement between FCStone and the Husbands), and is not directly relevant to the central issue in Plaintiffs' motion to remand, namely whether there existed a collision of interests between the Husbands and the Wives at the time of removal. Second, Plaintiffs correctly note that equating a marriage with a closely-held corporation for purposes of determining the

---

[4] While this action was removed by FCStone on January 29, 2010, the Husbands' discovery responses relied on by FCStone are each dated April 5, 2010. (See FCStone Mem., Exs. 5, 6.)

alignment of interests is an unpersuasive comparison. (Tr. at 33-34.) Although this comparison could be apt in other circumstances, it is not appropriate in this modern world of income producing wives to conclude that marriage will automatically bind one spouse to every business venture their respective spouse enters into with other parties. It is also not appropriate to assume in this modern world that a husband's and a wife's interests necessarily align with respect to the proceeds, expectations, assets and liabilities of one spouse's business or investment ventures.

This litigation should be resolved based on the real interests of the parties and not based on the construct "skillful" attorneys may assign to a conflict. <u>Maryland Casualty</u>, 23 F.3d at 623. While FCStone argues that the Court should not rely on the Wives' own determination of who are plaintiffs and who are defendants in this action, <u>see</u> <u>City of Indianapolis</u>, 314 U.S. at 69, FCStone essentially asks this Court merely to substitute FCStone's determination of who are plaintiffs and who are defendants.

It was FCStone's burden to demonstrate that there was complete diversity of citizenship. In this case, FCStone's arguments that the Husbands' and the Wives' interests are aligned based on the fact that they are married and based on the answers the Husbands gave in discovery responses as to their legal conclusion that the Wives are entitled to a 50% share must be resolved by a court. In view of the Wives' position as joint filers with a presumptive interest in any refund, FCStone has not fulfilled its burden of demonstrating that complete diversity existed at the time of removal and that the parties should be realigned by this Court.

### III. Conclusion

For the foregoing reasons, FCStone has failed to demonstrate that this case was properly removed and that this Court has subject matter jurisdiction over this matter. FCStone's arguments in favor of realignment are unpersuasive and absent realignment, complete diversity

of citizenship required by 28 U.S.C. § 1332 is lacking. Plaintiffs ask the Court to award them costs and fees associated with FCStone's removal and the instant motion to remand. The Court will not make such an award in this case. While FCStone's arguments in favor of removal and realignment by this Court were ultimately not persuasive, nothing in the record indicates that removal was sought in bad faith and FCStone's arguments were not frivolous or "objectively unreasonable" such that an award of costs would be proper under 28 U.S.C. § 1447(c). See Syms, 586 F. Supp. at 56-57.

Plaintiffs' motion to remand is granted. In light of the Court's decision on Plaintiffs' motion to remand, Defendant FCStone's motion to dismiss or transfer to the Northern District of Illinois is denied as moot without prejudice to raising the issue in state court.

IT IS SO ORDERED.

Dated: New York, New York
July 8, 2010

Robert P. Patterson, Jr.
U.S.D.J.

Copies of this order were faxed to:

*Counsel for Plaintiffs:*

**Michael Robert Koblenz**
**Sara Fran Lieberman**
Mound Cotton Wollan & Greengrass (NYC)
One Battery Park Plaza, 9th Floor
New York, NY 10004
Fax: (212) 344-9870 / (212) 344-8066

*Counsel for Defendants Adams & Walford:*

**Mark Skolnick**
Platzer Swergold Karlin Levine Goldberg & Jaslow, LLP
1065 6th Avenue
New York, NY 10018
Fax: (212) 593-0353

*Counsel for Defendant FCStone, LLC:*

**Dana Christina Rundlof**
**Seth L. Levine**
Foley & Lardner, LLP
90 Park Avenue
New York, NY 10016
Fax: (212) 687-2329